No. 1,453.

### EDDINGFIELD *v.* THE STATE, EX REL. CHENEY.

ASSIGNMENT OF ERRORS.—*Joint Assignment as to Giving and Refusing Instructions.*—An assignment of error that "the court erred in giving to the jury * * instructions numbered 3, 9, 10, 12 of the general instructions of the court" is a joint assignment, and can be maintained only by showing that all the instructions are erroneous. The same is true of the instructions refused, except to be available appellant must show that all of such instructions should have been given.

NEW TRIAL.—*Newly Discovered Evidence. — Diligence. — Cumulative Character.*—In a motion for a new trial on the ground of newly discovered evidence, the facts constituting diligence must be stated, and the motion will not be granted if the evidence is of a cumulative character.

From the Wabash Circuit Court.

*J. B. Kenner, U. S. Lesh* and *H. C. Pettitt,* for appellant.

*M. L. Spencer* and *W. A. Branyan,* for appellee.

DAVIS, J.—Judgment was rendered against appellant in bastardy proceedings in the court below.

The following errors are assigned in this court:

1. That the court erred in overruling appellant's motion for a new trial.

2. That the court erred in overruling appellant's motion in arrest of judgment.

The second error has been waived by failure to discuss it and, therefore, we will not further consider it.

One of the reasons assigned in the motion for a new trial is that "the court erred in giving to the jury as law, instructions numbered 3, 9, 10, 12, of the general instructions of the court, and erred, also, in refusing to give to the jury special instructions requested by the defendant and numbered 2 and 3."

This assignment calls in question the correctness of all said instructions, numbered 3, 9, 10 and 12, and can be maintained only by showing that all of said instructions are erroneous. *American, etc., Co.* v. *Sisk*, 9 Ind. App. 305.

It is not insisted that all of said instructions were incorrect, and, in the absence of objection to two of them, we must presume that they state the law correctly. As the assignment is joint, if one of the instructions only is good, error can not be sustained.

In the light of the instructions given by the court, there was no error in refusing to give those asked by appellant. As we view the twelfth instruction given, it was more favorable to appellant than the third, which was refused in relation to the same subject. As this assignment is joint, if there was no error in refusing to give one of them, there is no available error on account of the refusal to give the other.

It is next insisted that appellant was entitled to a new trial on the ground of newly-discovered evidence.

The affidavit of Jones shows that appellant understood before the trial that he would testify that he had sexual intercourse with the relatrix about the first of June, 1892; also, the circumstances which appear in the affidavits of Edward Miller and Ida Eddingfield clearly show that he knew prior to the trial that he could prove by them the facts therein stated.

In such cases, the facts constituting the diligence must be stated.

"It is a familiar rule of practice, and applicable to all classes of cases, that a new trial will never be granted on account of newly-discovered evidence where, by the use of reasonable diligence, the newly-discovered evidence might have been obtained and used at the trial sought to be vacated." *Allen* v. *Bond*, 112 Ind. 523,

530; *Hines* v. *Driver*, 100 Ind. 315; *Kelley* v. *Kelley*, 8 Ind. App. 606.

In *Hines* v. *Driver*, *supra*, the court said: "It is, however, very firmly settled that the evidence must be of a decisive character, and be such as to make it clearly and fully appear that it would produce a different result." In this case, appellant introduced witnesses who testified that they had sexual intercourse with relatrix about nine months prior to the birth of her child. The proposed testimony of Jones was, therefore, of a cumulative character. All he proposed to prove by the other witnesses was the fact that in May and June, 1892, he was keeping company with said Ida, whom he afterwards married. On the trial, he introduced some evidence of this character, and, if the newly-discovered evidence in relation to this subject, was not cumulative, the motion fails to show diligence of appellant prior to the trial.

We have carefully read the evidence. It is conflicting. If appellant is to be believed, he is not guilty; on the other hand, if the relatrix told the truth, he is the father of her child. We are not in a position to determine who is right. The jury having returned a verdict against appellant, and this result having been approved by the trial court, we would not be justified in reaching a different conclusion on the evidence.

We do not find any reversible error in the record.

Judgment affirmed.

Filed March 14, 1895.