Saunders, Treasurer, v. Montgomery.

No. 17,343.

SAUNDERS, TREASURER, v. MONTGOMERY.

ASSIGNMENT OF ERRORS.—*Collective.*—*Conclusions of Law.*—An assignment of error that the court erred in its "conclusions of law," of which there are several, fails if any of the conclusions are correct.

From the Vanderburg Superior Court.

*W. W. Ireland,* for appellant.

*Iglehart & Taylor* and *S. R. Hornbrook,* for appellee.

MONKS, J.—This action was brought by appellee to enjoin appellant, as county treasurer, from collecting certain taxes assessed upon the real estate described in the complaint.

The cause was tried by the court, and by request of appellee the court made a special finding of facts and stated six conclusions of law thereon, to which, as a whole, appellant excepted at the time. Judgment was rendered in favor of appellee.

The only error assigned and not waived is that "the court erred in its conclusions of law stated upon the special finding of facts."

The conclusions of law stated by the court were six in number, one to six inclusive, and the assignment of errors does not call in question each of said conclusions separately, but all of them jointly.

Appellee earnestly insists that if any one of the conclusions of law is correct, the assignment of errors fails. We concur in this contention of appellee. It is a general rule in this State that when there are several rulings each must be separately challenged, and the excep-

tion must be taken to each. Where the objection or exception in the court below or assignment of error in this court is joint as to several rulings or acts of the court, the same will fail unless valid as to all of such rulings or acts. *Ohio, etc., R. W. Co.* v. *McCartney,* 121 Ind. 385 ; *Ketcham* v. *Barbour, Exr.,* 102 Ind. 576 ; *Trammel* v. *Chipman,* 74 Ind. 474 ; *Pennsylvania Co.* v. *Sears,* 136 Ind. 460 ; *Black* v. *Thompson,* 136 Ind. 611 ; *Louisville, etc., R. W. Co.* v. *Smoot,* 135 Ind. 220 ; *Noe* v. *Roll,* 134 Ind. 115 ; *Cincinnati, etc., R. R. Co.* v. *Madden,* 134 Ind. 462 ; *Popijoy* v. *Miller,* 133 Ind. 19 ; *Florer, Treas.,* v. *State, ex rel.,* 133 Ind. 453 ; *Lawrence* v. *Van Buskirk,* 140 Ind. 481 ; *Cargar* v. *Fee,* 140 Ind. 572 ; *Eddingfield* v. *State, ex rel.,* 12 Ind. App. 312 ; *McCullough, Admr.,* v. *Martin,* 12 Ind. App. 165 ; *Williamson* v. *Brandenberg,* 6 Ind. App. 97 ; *Rees* v. *Blackwell,* 6 Ind. App. 506 ; 2 Elliott Gen. Prac., sections 981, 1051, 1053 ; Elliott App. Proced., section 793.

The rule is thus stated in Elliott App. Proced., section 793 : "It is now well settled that the proper mode of questioning the correctness of the conclusions of law stated by the court upon the special finding of the facts is by excepting to each of the conclusions of law." In 2 Elliott Gen. Prac., section 981, it is said: "It is sufficient to except to each conclusion of law stated." It follows from these authorities that if the exceptions are taken to the conclusions of law as a whole, the same will not be available if any conclusion of law stated is correct.

It is not insisted by appellant that all conclusions of law stated are erroneous, and we assume, therefore, that those to which no objections have been pointed out are correct.

A part of the conclusions of law being correct, the assignment of error fails.

Judgment affirmed.

Filed October 9, 1895; petition for rehearing overruled December 20, 1895.