Jones *v.* Mayne.

---

## Jones *v.* Mayne et al.

[No. 18,927. Filed Jan. 4, 1900. Rehearing denied March 29, 1900.]

Appeal and Error.—*Waiver.*—Assignments of error which are not discussed are waived. *pp. 401, 402.*

Same.—*Record.*—No question is presented upon an assignment of error based upon the action of the court in overruling a demurrer to the complaint, where the demurrer is not copied into the transcript. *p. 402.*

Same.—*Motion to Modify Judgment.*—Available error cannot be predicated upon the action of the court in overruling a motion to modify a judgment when the judgment followed the conclusions of law as stated. *p. 402.*

Same.—*Conclusions of Law.—Joint Assignment of Error.*—An assignment of error assailing all of the conclusions of law jointly will not be considered on appeal if any one of the conclusions is correct. *p. 402.*

Same.—*Joint Assignment of Error.—Failure to Discuss.*—An appellant does not waive an assignment of error assailing several conclusions of law jointly by failing to discuss each conclusion of law separately in his brief, where he states certain propositions, supported by argument and citation of authorities, which if true and applicable, show that no conclusions could be properly stated in favor of the appellee upon the facts found. *p. 402.*

Same.—*Motions.—Practice.*—A party does not waive his exception to the conclusions of law by subsequently moving the court to add to the finding certain facts which were in evidence. *pp. 402, 403.*

COMPROMISE AND SETTLEMENT.—*Judgments.—Fraud.*—A judgment
on a complaint by heirs and distributees setting aside for fraud and
misrepresentation an order of court authorizing the administrator
to assign an insurance policy in favor of the estate, upon the life of
another, in settlement of a suit on a claim pending an appeal from
a judgment in favor of the estate, was erroneous, where there was
no offer to restore the funds of the estate and place the claimant in
the same position he occupied in reference to his appeal. *pp. 403-410.*

From the Wabash Circuit Court.     *Reversed.*

*J. C. Branyan, M. L. Spencer, W. A. Branyan* and *J. S.
Branyan,* for appellant.

*J. B. Kenner, U. S. Lesh* and *S. M. Sayler,* for appellees.

BAKER, J.—Two of appellees, Laura Mayne and Lucy
Purviance, children and heirs at law of Joseph Purviance, de-
ceased, began this suit in the Huntington Circuit Court
against appellant and the administrator and the widow and
remaining heirs of decedent to set aside an order of the
Huntington Circuit Court, made in the course of administra-
tion upon the estate, authorizing the administrator to assign
an insurance policy upon the life of one Wilhelm, owned
by the estate, to appellant in settlement of an alleged claim
of appellant against the estate, and to cancel the assignment
made in pursuance of such order. The widow and the other
heirs confessed the complaint and filed a cross-complaint in
which they sought the same relief. After the issues were
joined, the venue was changed to the Wabash Circuit Court.
The court, on proper request, made a special finding of facts
and stated conclusions of law thereon. Judgment was ren-
dered in favor of plaintiffs and cross-complainants against
appellant and the administrator. The errors assigned and
not waived are:   (1)   That appellant's demurrer to the
complaint was erroneously overruled; (2) that the cross-com-
plaint does not state facts sufficient to constitute a cause of
action against appellant; (3) that the conclusions of law
are incorrect; (8) that appellant's motion to modify the
judgment was improperly overruled. The fourth, fifth,

sixth, and seventh assignments, concerning the rulings on appellant's motions for a *venire de novo*, for a new trial, for a new trial upon the cross-complaint, and in arrest of judgment, are ·waived by appellant's failure to discuss them in his brief.

As·the demurrer to the complaint is not copied into the transcript, no question is presented by the first assignment. What the grounds of demurrer were, or whether any ground was properly stated, does not appear. The ruling, therefore, must be presumed to be correct. *Aydelott* v. *Collings,* 144 Ind. 602.

The judgment strictly follows the conclusions of law as stated. The eighth assignment, therefore, presents no question. *Anglemyer* v. *Board, etc.,* 153 Ind. 217.

The sufficiency of the cross-complaint is questioned, for the first time, by the second assignment. Inasmuch as the cross-complaint comes here with all the curative effects of the finding and judgment, the question presented need not be considered separately, if the finding of facts does not warrant the conclusions of law.

The third assignment assails all of the conclusions of law jointly. If any one of the six conclusions is correct, appellant must fail. *Saunders* v. *Montgomery,* 143 Ind. 185; Ewbank's Manual, §135.

Appellees claim that appellant has waived this assignment by failure to discuss each conclusion of law separately in his brief. Appellant, in reference to this assignment, has stated in his brief certain propositions, supported by argument and citation of authorities, which, if true and applicable, show that on the facts found no conclusion of law could be properly stated in favor of appellees and that the proper conclusion would have required a judgment for appellant. Under such circumstances it cannot properly be said that appellant waived the error by failure to present it to this court.

Appellees urge further that appellant waived his excep-

tion to the conclusions of law, which he reserved immediately upon the announcement thereof, by subsequently moving the court to add to the finding certain facts which were in evidence but presumably overlooked by the court. The court added the facts as requested. The record shows that the finding of facts and conclusions of law were filed by the court at one time. Appellant was required to except immediately. If he had allowed other proceedings in the cause to intervene, his subsequent exception would have been too late. *Roeder* v. *Keller*, 135 Ind. 692. A court, after filing the finding of facts, may amend the finding, at any time before final judgment and during the period within which a motion for a new trial may rightfully be filed, by supplying omissions and correcting inadvertent mistakes, so that the finding shall exhibit all of the material facts that the court believes to have been proved. And this may be done by the court of its own motion or at the suggestion of either party. *Thompson* v. *Connecticut, etc., Ins. Co.*, 139 Ind. 325; *Royse* v. *Bourne*, 149 Ind. 187. There is no rule of practice recognizing the right of parties to file, as part of the proceedings in a cause, a motion to modify the special finding. *Windfall, etc., Co.* v. *Terwilliger*, 152 Ind. 364. No matter how the court's attention is called to the omissions or misstatements, the amendment is the court's own. If a party should file such a motion, whether the court struck it from the files or let it stand, whether the court acted or refused to act upon it as a suggestion made in or out of court, no error could be predicated upon the court's action. If either party thinks the finding as finally made by the court is deficient or incorrect, his remedy is by motion for a *venire de novo* or for a new trial. And if the court does amend the finding, the amendment relates to the time of filing the finding; and if the court lets the conclusions of law remain as filed, as he did in this case, he does so subject to the exceptions already taken thereto.

The finding in substance is as follows:  Joseph Purviance

died intestate, on November 29, 1885, in Huntington county, leaving an estate therein. He left surviving him the plaintiffs and cross-complainants as his heirs at law. Plaintiffs were then eight and ten years old respectively. In December, 1885, William Purviance was appointed administrator by the Huntington Circuit Court and qualified. On April 18, 1887, appellant filed a claim against the estate for $1,525.98 and interest from July, 1873. The administrator refused to allow the claim. A trial resulted in a judgment in favor of appellant. On appeal, the judgment was reversed by this court and a new trial ordered. At the second trial February 4, 1890, the court entered judgment for the administrator upon a special verdict. Appellant at once prayed an appeal which was granted, and ten days time was given in which to file an appeal bond and bills of exceptions. Immediately after the rendition of the judgment, the attorney of the administrator presented to the court the following petition: "Huntington Circuit Court, January Term, 1890. John D. Jones v. Wm. Purviance, Adm. To the Honorable Judge of the Huntington Circuit Court: The undersigned administrator would respectfully represent that there exists a claim of the said John D. Jones against said estate that threatens continued litigation and prevents the settlement of the estate and the payment of debts which are drawing interest; and the estate is the owner of a certain policy of insurance on the life of James Wilhelm of the city of Huntington, on which annual premiums or dues are still pending, and no one of the heirs is able or willing to pay the accruing dues; therefore your petitioner believes that said policy would be lost to said estate and that it is to the interest of said estate that your petitioner be allowed to assign said policy to said Jones in full of said claim so pending, and upon the following terms, that said Jones pay all dues owing and accruing on said policy and when he realizes on said policy, pay to the widow, if living, and if the widow should not be living, to the children of said Joseph Purviance, the

net amount of said policy less the sum of $2,500 and less also the amount said Jones may have to pay to keep said policy alive. Wm. Purviance, administrator." The attorneys of the appellant indorsed on the petition his acceptance of the proposed settlement. The petition was not verified. It was drawn up and signed by the attorney who represented the administrator in the lawsuit. The administrator did not know the contents of the petition, and had not authorized the execution of the particular instrument, but had directed his attorney to settle with appellant upon any terms that the court would approve. Upon presentation of the petition and the acceptance of the terms of the proposed settlement, the court made and entered the following order: "And now, pending said proceedings for an appeal of this cause, said administrator asks leave of the court to compromise and adjust all differences between the estate and said plaintiff and files his petition therefor in these words: (Here insert.) And the court, being advised in the premises, sustains said petition and hereby authorizes and directs said administrator to compromise and adjust said claim with said plaintiff and to assign and transfer to said John D. Jones the said policy of insurance, mentioned in said petition, upon the terms and conditions therein set forth, in full of all claims and demands of said John D. Jones upon or against said estate." In pursuance of this order, the administrator indorsed the policy to appellant, who thereupon abandoned his appeal. The policy had never been inventoried or appraised by the administrator. It was a non-forfeiting life policy issued by the Connecticut Mutual Life Insurance Company on February 15, 1867, upon the life of James Wilhelm of Huntington, Indiana, in the sum of $3,000. It was made payable to "the assured, his executors, administrators, or assigns". It provided for the payment of annual premiums for ten years from date of issue. It prohibited, on pain of forfeiture, the assured from traveling by land or sea beyond the settled limits of the United States, from

visiting territory south of the thirty-sixth degree of north latitude or west of the twenty-first meridian of longitude west of Washington, from engaging in various employments, etc. On August 19, 1868, for a valuable consideration, Wilhelm indorsed the policy to Joseph Purviance, who died the owner thereof. At the time of the compromise between appellant and the estate the premiums had been fully paid except $140, which had been settled by note. By the terms of the policy, it was not necessary that the note should be paid before Wilhelm's death to prevent a forfeiture. Some of the statements in the petition were false: There were no annual premiums or dues pending thereon to be paid; the heirs were able and willing to pay all sums that were due on the policy; the failure to pay the note above mentioned would not result in a loss of the policy to the estate. Only one of the heirs had been consulted about making the assignment to appellant. None had been asked to make any payments on the policy. In acting on the petition, the court believed that the statements therein contained were true, did not know that the policy had not been inventoried or appraised, was ignorant of the fact that the administrator had not signed the petition, and was under a misapprehension of the facts concerning the policy and the terms and value thereof. Neither the administrator, nor his attorney, nor the appellant, nor his attorneys, intentionally attempted to perpetrate a fraud upon the court. None of the heirs had any knowledge or notice of the petition and order at the time the policy was assigned to appellant. After appellant abandoned his appeal, the judgment against him remained in force, unappealed from. There was no consideration for the assignment of the policy by the administrator to appellant. At the time, appellant had no claim pending against the estate. Wilhelm was then about seventy-one years old, had an expectancy of about eight years, the insurance company was solvent, and the policy was very valuable. Appellant never paid anything to the insurance company to keep

the policy alive. On March 13, 1890, in vacation, the administrator filed in the clerk's office his final report. Hearing was set for April 7, 1890, and two weeks' notice was given by publication and posting. No indorsement of the filing or of the setting for hearing was made upon the report. On April 11, 1890, the administrator filed what purported to be an amended final report. In fact the original report was not amended. The only changes made consisted in indorsing upon the report the words "Amended Final Report" and "Filed, April 11, 1890. John S. Glenn, Clerk". No further or additional notice was given. On April 11, 1890, the report was examined and approved, the estate declared settled, and the administrator discharged. There was found to be in the hands of the administrator $1,000.04 for distribution. This sum was paid to the clerk, and distributed to the heirs within ten days. The policy was not referred to nor accounted for in the final report, nor in any previous report. Wilhelm died in December, 1896. Thereupon appellant made proofs of death, etc. The company did not pay the claim at maturity. Appellant sued the company in the Huntington Circuit Court, and made all of the heirs of Joseph Purviance parties defendant. The company appeared and paid into court $2,798, which was the amount of the policy less the premium note and interest, for the use of the party that the court might find entitled to it. That action is yet pending. At the January, 1898, term of the Huntington Circuit Court, on the complaint of the plaintiffs in this suit, to which complaint the administrator and appellant were made defendants, the order approving the final report was set aside and the estate was opened up. This judgment is in force, unappealed from, and the estate is now pending unsettled. The order of the court authorizing the assignment of the policy was obtained through misrepresentation and under a misapprehension of the facts by the court, and should be set aside. The assignment of the policy to appellant was wrongful and void and without legal

authority on the part of the administrator, and should be set aside. The policy is the property of the estate.

Upon this finding, the court entered the following conclusions of law: (1) That the order approving the final report should be set aside as to all the parties herein. (2) That the order approving the final report has been set aside and the estate reopened. (3) That the order authorizing the assignment should be set aside. (4) That appellant took no title by the assignment, and that the policy remained the property of the estate. (5) That the assignment of the policy to appellant was without consideration. (6) That the appellant and the administrator pay costs.

Appellant had the right to appeal from the judgment against him on his claim against the estate. It was a valuable right. Just as soon as the judgment was entered, he was found taking steps to exercise that right. The attorney of the administrator was willing to settle the litigation at this point. He knew that appellant had recovered a large judgment at the first trial, and that the judgment was reversed for a defect in the special finding. *Purviance* v. *Jones*, 120 Ind. 162. He knew that if appellant ultimately recovered, the $1,000 then on hand to distribute to the heirs would not pay one-third of the judgment. Appellant, on his side, knew that his appeal might not be successful, or it is not presumable that he would have taken in settlement a thing of such uncertain value as a policy that might be rendered wholly worthless by the assured's doing some forbidden act. Appellant agreed to give up his right of appeal in consideration of receiving the decedent's title to the policy. Appellant forebore to take his appeal, and he thereby paid a valuable consideration. *Wray* v. *Chandler*, 64 Ind. 146; 6 Am. & Eng. Ency. of Law (2nd ed.), 747; *Russell* v. *Daniels*, 5 Col. App. 224, 37 Pac. 726; *Matthews* v. *Merrick*, 4 Md. Ch. 364; *Read* v. *French*, 28 N. Y. 285. "The prevention of litigation is not only a sufficient but a highly favored consideration." *Bement* v. *May*, 135 Ind.

664, and cases cited on page 669. For this consideration, the administrator assigned the policy to appellant. This is not a case wherein the administrator undertakes to act for himself under his statutory authority. In such a case, he must comply strictly with the statute—the source of his authority. *Ramey* v. *McCain*, 51 Ind. 496; *Weyer* v. *Second Nat. Bank*, 57 Ind. 198; *Citizens St. R. Co.* v. *Robbins*, 128 Ind. 449, 12 L. R. A. 498. Here, the court in which the trust was being administered approved the settlement of the pending litigation and directed this particular transfer to be made. The theory of appellees' case is that, without the order of the court and a compliance therewith, the transfer would be void for failure of the administrator to follow the statutory mandates in reference to the disposition of personalty; that the transfer, in pursuance of the order of the court, would be valid except for the fraud in procuring the order; and that the order is voidable on account of the fraud. So, the central point is appellees' appeal to a court of equity to cancel the order for fraud. For this reason, the contention of appellees that appellant is not shown to have had an insurable interest in the life of Wilhelm presents no question. It is neither averred nor found that he did not have an insurable interest; and equitable intervention is sought on the basis that appellant obtained a colorable title that may be avoided. Now, in what attitude did appellees come into a court of equity? They were distributees. There was $1,000 ready to distribute as soon as appellant's lawsuit was out of the way. The administrator represented them in that litigation. By the compromise, he obtained for them a valuable consideration from appellant which they retain and purpose to keep. While ratifying the act of the administrator in securing what he did from appellant, they repudiate his act in paying appellant therefor. In asking equity, they should have offered to do equity. *Jones* v. *Ewing*, 107 Ind. 313; *Balue* v. *Taylor*, 136 Ind. 368; *Norris* v. *Scott*, 6 Ind. App. 18. In asking

that the order authorizing the assignment of the policy be canceled, they should have offered that the compromise (which was part of the order) be annulled, that the judgment and prayer for appeal (on which the order was based) be set aside and reëntered as of the date of any final decree in their favor canceling the order for assignment, and that the funds of the estate be restored. It is unnecessary, therefore, to consider whether or not the facts found make out a case in which the order of the court should be set aside for fraud or mistakes. On this finding, no conclusion of law, in any form, could be drawn properly in favor of appellees. The only conclusion, legally deducible from the finding, was that the plaintiffs and cross-complainants are entitled to no relief.

Judgment reversed, with directions to restate the conclusions of law and to enter judgment for appellant.