## Ex Parte Washington National Bank.

[No. 20,300.    Filed November 15, 1904.]

TAXATION.—*Assessment.*—*Inspection of Records of Bank.*—Where a county assessor files his affidavit for an inspection of the books of a bank in search of omitted property of a person for taxation, and the bank appears and defends, the court making a decision therein adverse to such bank, such assessor is an adversary party and an appeal by such bank omitting him as an appellee will be dismissed. *pp. 477, 478.*

APPEAL AND ERROR.—*Supreme Court Rules.*—The Supreme Court can not grant leave to amend an assignment of errors on condition that it finds the assignment wrong, since rule four of such court provides that the assignment of errors shall not be amended after submission, except upon notice to adverse party and leave of court, and leave will not be granted without due care and diligence being shown. *p. 478.*

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by John Daily as county assessor against the Washington National Bank for an inspection of its records for the purpose of assessing omitted property. From a decree for plaintiff, defendant appeals. *Dismissed.*

*M. S. Hastings, J. G. Allen, E. E. Hastings, A. J. Padgett, J. A. Padgett* and *D. H. Padgett,* for appellant.

*Wm. Heffernan, Ezra Mattingly, W. R. Gardiner, T. D. Slimp* and *C. G. Gardiner,* for appellee.

HADLEY, J.—John Daily, as county assessor of Daviess county, filed in the Daviess Circuit Court his affidavit under section thirty-four of the "act concerning taxation" (Acts 1891, p. 199), as amended by the act approved March 5, 1901 (Acts 1901, p. 109), stating therein that he believed the Washington National Bank had in its possession and under its control certain specified books and papers tending to show the unlawful omission by one Harned of taxable property, etc. The court entered an order upon the affidavit, awarding said county assessor a writ against said bank, commanding it to permit said assessor to inspect so much of said books and papers as pertained to the business transactions of Harned with the bank. Upon the entry of said order the Washington National Bank appeared and filed in the cause its verified petition praying the court, for reasons set forth, to set aside, cancel, and annul said order, and dismiss the proceeding. The court after hearing and considering the petition overruled it, to which ruling said bank duly excepted, and brings this appeal.

At the outset we are confronted with a motion to dismiss the appeal for an insufficient assignment of errors.

The proceeding when begun was *ex parte* John Daily, county assessor of Daviess county. But when the Washington National Bank voluntarily came into the case, challenged the order made in favor of said assessor, and invoked the judgment of the court upon its petition that the order in favor of the assessor be annulled and the proceeding dismissed, the case from that moment became an adversary proceeding, and Daily, assessor, was as much a party to the judgment appealed from as the Washington National Bank. The record recites: "Comes again the petitioner by his attorneys, and now comes the Washington National Bank, by Hastings, Allen & Hastings and

Padgett & Padgett, its attorneys, and files its verified petition, * * * and the court having heard said petition, and being fully advised" denies the same, to which ruling the bank at the time excepted, and prayed an appeal to the Supreme Court. John Daily, as county assessor of Daviess county, is not made a party to the appeal. Indeed there is no appellee mentioned either in the entitling or body of the assignment. Not having been made a party, this court has no jurisdiction over the county assessor, and we can not, therefore, determine the appeal upon its merits. *Ex parte Sullivan* (1900), 154 Ind. 440; *North* v. *Davisson* (1902), 157 Ind. 610; *Kreuter* v. *English Lake Land Co.* (1902), 159 Ind. 372, and cases collated. In its brief upon the motion to dismiss, appellant requests that, if the court concludes that the assignment of errors is insufficient, leave be granted to amend. We have no authority to depart from the requirements of rule four of this court. *State, ex rel.,* v. *Lankford* (1902), 158 Ind. 34.

Appeal dismissed.