## BROWN ET AL. *v.* BROWN ET AL.

[No. 20,815. Filed March 14, 1907. Rehearing denied June 20, 1907.]

1. APPEAL.—*Right of.*—The right of appeal is purely statutory; and the statute granting the right must be complied with, in order to perfect such appeal. p. 655.

2. SAME.—*Vacation.—Notice.*—A party taking a vacation appeal must serve notice thereof upon all of his coparties or their attorneys of record, or if the coparties have no attorneys and are nonresidents, by the publication of notice thereof. p. 655.

3. SAME.—*Assignment of Errors.—Amendments After Expiration of Time to Appeal.*—Appellant has no right to amend his assignment of errors by the addition of omitted coparties after the expiration of the year within which an appeal may be taken. p. 656.

4. SAME.—*Dismissal.—Parties.—Jurisdiction.*—An appeal taken without making appellant's coparties parties thereto, will be dismissed for want of jurisdiction. p. 656.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Andrew L. Brown and others against Samuel Brown and others. From a judgment for plaintiffs, part of the defendants appeal. *Appeal dismissed.*

*J. E. Henley* and *East & East,* for appellants.
*Miers & Corr* and *Duncan & Batman,* for appellees.

MONTGOMERY, C. J.—This proceeding was brought to contest the will of Margaret F. Brown, deceased. The final judgment was rendered June 30, 1905. A vacation appeal was taken, and the record filed in this court April 27, 1906. William A. Brown was a defendant in the court below, and a party to the final judgment, but he was not named in the assignment of errors, and no steps were taken to give him notice of this appeal.

On August 23, 1906, appellees filed a motion to dismiss the appeal, for the reason that said William A. Brown had not been notified thereof or made a party to the assignment of errors, and the court was accordingly without jurisdiction. On September 8, 1906, appellant's counsel filed a verified application for leave to amend the assignment of errors and to cause notice to be given to said William A. Brown. It is shown that, on account of the serious sickness of the senior counsel for appellants, the work of the firm devolved wholly upon the junior member; and that in the preparation of the record, either through inadvertence of the affiant or of the stenographer, or because of confusing the names of William B. Brown and William A. Brown, the name of the latter was omitted from the assignment of errors.

The right of appeal is given by statute, or it does not exist. In acquiring jurisdiction over a particular cause this court does not exercise its inherent powers, but

1. must exact a compliance with statutory provisions.

Appeals must be taken within one year from the time the judgment is rendered. If a part only of several coparties desire to take a vacation appeal, they must serve written notice of the appeal upon all the other coparties or their attorneys of record, and file proof thereof with

2. the clerk of this court, and in case of the non-residence of any coparty not joining in the appeal

and having no attorney of record upon whom notice may be served in this State, then notice to such party must be given by publication. §647 Burns 1901, Acts 1899, p. 5.

It is apparent that the year within which an appeal must be perfected had expired before the application to amend was made. If the application had been filed within the year, we might find the showing sufficient to excuse the omission and justify the granting of leave to make the necessary amendment; but the request now made involves the power and authority of the court. The right of appeal being statutory, and to be exercised within a prescribed time, the court is forbidden to extend that time and enlarge the right by permitting appellants to make a vital amendment to the assignment of errors after the expiration of the year allowed for taking the appeal. It is well settled that in vacation appeals all parties against whom judgment was rendered must be made co-appellants in this court, or the appeal will be dismissed, for the reason that in such case we have no jurisdiction to determine the case on its merits. *Polk v. Johnson* (1906), 167 Ind. 548; *Chicago, etc., R. Co. v. Walton* (1905), 165 Ind. 642; *Moore v. Ferguson* (1904), 163 Ind. 395; *Rich Grove Tp. v. Emmett* (1904), 163 Ind. 560; *Haymaker v. Schneck* (1903), 160 Ind. 443; *North v. Davisson* (1902), 157 Ind. 610; *Brown v. Sullivan* (1902), 158 Ind. 224; *Mellott v. Messmore* (1902), 158 Ind. 297; *Smith v. Fairfield* (1901), 157 Ind. 491; *Owen v. Dresback* (1900), 154 Ind. 392; *McKee v. Root* (1899), 153 Ind. 314; *Crist v. Wayne, etc., Assn.* (1898), 151 Ind. 245; *Midland R. Co. v. St. Clair* (1896), 144 Ind. 363; *Shuman v. Collis* (1896), 144 Ind. 333; *Gregory v. Smith* (1894), 139 Ind. 48; *Holloran v. Midland R. Co.* (1891), 129 Ind. 274.

The appeal is accordingly dismissed.