## WEST ET AL. *v.* GOODWIN ET AL.

[No. 6,294.   Filed June 25, 1907.   Rehearing denied February
26, 1908.]

APPEAL.—*Parties.—Jurisdiction.*—Where all of the plaintiffs, in
whose favor a partition decree was entered, were not made parties
to the assignment of errors on appeal, such appeal will be dis-
missed.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Suit by Franklin Goodwin and others against John T.
West and another. From a decree for plaintiffs, defendants
appeal. *Appeal dismissed.*

*Gifford & Gifford,* for appellants.
*Oglebay & Oglebay,* for appellees.

WATSON, P. J.—This appeal is taken from a judgment be-
low, rendered against the appellant John T. West, for the
partition of certain real estate in Tipton county, and for the
sum of $231.45 damages for rental from said appellant in
favor of the appellees, Franklin Goodwin, Gideon Jones, El-
meda Jones, George Jones, Felix Goodwin, William Good-
win, Sarah Moats, Mattie Falls, Mary Gerke, Agnes White
and Charles Goodwin.

The record in this case discloses the fact that in the sepa-
rate assignment of errors of the appellants, John T. West
and Sarah M. West, or the joint assignment of errors of
said appellants, none except Franklin Goodwin is named as
appellee.   A motion to dismiss this appeal is made by the
appellees, on the ground that the court has no jurisdiction
to hear and determine the merits of this cause for the rea-
son that all the parties to the final judgment are not before
this court.   It is necessary that all the appellees should
have been named, either in the caption or the body of the
assignment of errors.   This being an appeal from the judg-
ment against the appellants and in favor of Franklin Good-

win and others above named, the court does not acquire jurisdiction in this appeal so as to pass upon the merits of the cause, unless all the parties in whose favor the judgment below was rendered, or who would be affected thereby, are named and set out in the assignment of errors. *Paxton* v. *Tyler* (1898), 20 Ind. App. 455; *Wilkinson* v. *Vordermark* (1904), 32 Ind. App. 633; *Holderman* v. *Wood* (1905), 34 Ind. App. 519; *Kemp* v. *Prather* (1905), 36 Ind. App. 382; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 37 L. R. A. 233; *Abshire* v. *Williamson* (1898), 149 Ind. 248; *Smith* v. *Fairfield* (1901), 157 Ind. 491; *Gunn* v. *Haworth* (1902), 159 Ind. 419; *Ex parte Washington Nat. Bank* (1904), 163 Ind. 476; Elliott, App. Proc., §323; Ewbank's Manual, §126.

In the case of *Abshire* v. *Williamson, supra,* the court said: "It is a fundamental rule in jurisprudence that before any court will proceed to adjudicate upon the subject-matter it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment. Not having the power, under the facts, to decide this cause as an entirety, unless all of the necessary parties are brought into court, as required by law, therefore we will not violate the well-settled rule which forbids the decision of a case in fragments, by asserting authority to make a partial decision in this case, which must be regarded as an entire and indivisible cause, but may, and properly should, dismiss the appeal on our own motion."

The motion must be sustained, and the appeal is therefore dismissed.