## KIME ET AL. *v.* VETTER.

[No. 21,309. Filed May 25, 1909.]

1. APPEAL.—*Assignments of Errors.—Joint.—Conclusions of Law.*—
An assignment, on appeal, that the lower court erred in its second, fifth, seventh and eighth conclusions of law, is bad, where one of such conclusions is correct, such assignment being joint. p. 319.

2. APPEAL.—*Error in Favor of Appellant.*—Appellants have no right to complain of an error made in their favor. p. 319.

From Noble Circuit Court; *Joseph W. Adair*, Judge.

Application by Casper B. Vetter for license to retail intoxicating liquors, against which D. H. Kime and others remonstrate. From a judgment for the applicant, remonstrants appeal. *Affirmed.*

*Deahl & Deahl, Fred L. Bodenhafer, R. C. Minton* and *A. G. Cavins*, for appellants.

*Leonard & Townsend*, for appellee.

JORDAN, J.—Appellee filed his application at the March session, 1908, of the Board of Commissioners of the County of Noble, for a license to sell intoxicating liquors at retail on certain described premises in the second ward of the city of Kendallville, Noble county, Indiana. On February 28, 1908, appellants filed with the auditor of said county a general remonstrance, opposing the granting of a license to any and all persons to retail intoxicating liquors in said ward. This remonstrance purported to be signed by a majority of the legal voters of the ward in question, and was presented and considered by the board of commissioners in the case made by appellee's application. Before the board appellee challenged the remonstrance by a verified answer, on the grounds that certain remonstrators were not legal voters of the ward, etc. Appellants demurred to each paragraph of the answer for want of facts. The board sustained the demurrer in part and overruled it in part.

Such further proceedings were had before the board that it adjudged the remonstrance to be sufficient, and, by reason thereof, refused to grant appellee a license. He appealed from this decision of the board to the Noble Circuit Court. On the issues therein joined there was a trial by the court, and, on request, the latter made a special finding of facts, and thereon stated its conclusions of law, to which appellants reserved exceptions. The second, third, fifth, seventh and eighth conclusions are, in substance, as follows: (2) That certain remonstrators withdrew their names from said remonstrance before the filing thereof, and therefore their names cannot be counted in ascertaining whether the remonstrance was signed by a majority of the legal voters of the ward. (3) That certain named remonstrators were not legal voters of the second ward of said city of Kendallville at the time of filing the remonstrance, and that their names cannot, nor can any one of them, be counted in determining whether it was signed by a majority of the legal voters of said ward. (5) That Herbert A. Richards, a remonstrator, having authorized his father to sign his remonstrance card, he being a legal voter, his name should be counted in determining whether a majority of the legal voters had signed the remonstrance. (7) That the remonstrance in question is not signed by a majority of the legal voters of the second ward of Kendallville, Indiana, based upon the greatest aggregate vote cast in such ward for candidates for any office at the last election preceding the filing of said remonstrance. (8) That the applicant's application as to his fitness to be entrusted with a license to sell intoxicating liquors should be heard. Over appellant's motion for a new trial, the court rendered a judgment in favor of appellee, granting to him a license to retail intoxicating liquors on the premises described in the application.

From this judgment appellants appeal, and the only alleged errors discussed by their counsel, and upon which they rely for a reversal, are stated in their assignment of errors

as follows: "(5) The court erred in its second, third, fifth, seventh and eighth conclusions of law. (6) The court erred in the conclusions of law stated upon the special finding of facts."

It will be noted that both the fifth and sixth assignments of error upon the court's conclusions of law are joint. Appellee's counsel, therefore, contend that unless the assignment can be held good as to each and all of the conclusions it will not be good or available as to any. This contention is well supported by the decisions of this court. *Saunders* v. *Montgomery* (1895), 143 Ind. 185; *Jones* v. *Mayne* (1900), 154 Ind. 400; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, and the numerous cases cited.

The record discloses that the court's fifth conclusion of law, which, as heretofore shown, is to the effect that Herbert A. Richards should be counted as a remonstrator because his father signed said Herbert's name to the remonstrance card, is fully supported by the finding of facts embraced in the seventeenth paragraph of the special findings. Certainly it cannot be said that this conclusion is in any manner adverse to appellants, but, upon the contrary, is wholly in their favor. Nevertheless they have included it in their joint assignment. If the court, in its fifth conclusion, committed no error against appellants, they have no room for complaining if the court thereby erred as against appellee. The rule is well settled that a party on appeal to this court cannot assign error upon nor complain of a ruling of the lower court as erroneous which is in his favor. Elliott, App. Proc., §§314, 317.

As we are compelled to hold that appellants' assignment of errors, upon the conclusions of law, is not good or available as to the fifth, it therefore follows, under the authorities to which we have referred, that their assignment presents no question for review in this appeal. No other questions are presented in appellants' brief for our consideration.

Judgment affirmed.