## POPE ET AL. v. VOIGT.

[No. 7,406. Filed January 5, 1912.]

1. JUDGMENT.—*Nonresidents.*—*General Appearance.*—Where nonresidents appear by attorney and a personal judgment is rendered against them and they jointly move for a new trial, the judgment is valid. p. 177.

2. APPEAL.—*Assignments of Errors.*—*Parties.*—The assignment of errors on appeal constitutes the complaint; and the names of all the necessary parties must be set forth as parties thereto. p. 177.

3. APPEAL. — *Vacation.* — *Parties.* — *Dismissal.* — *Amendments.* —Where a party to the judgment below has been omitted from the assignment of errors, on a vacation appeal, and the year for appeal has expired, no amendment can be made; and the appeal will be dismissed. p. 178.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by George H. Voigt against Henry L. E. Pope and others. From a judgment for plaintiff, certain defendants appeal. *Appeal dismissed.*

*J. K. Marsh* and *Burwell K. Marshall*, for appellants.
*George H. Voigt, in pro. per.* for appellee.

IBACH, P. J.—Appellee has moved to dismiss this appeal, and assigns as one of his reasons, that this court has no jurisdiction, since this is a vacation appeal, and Urban Ewing Marshall, one of the parties against whom judgment

was rendered, is not made a party to the appeal by naming him in the assignment of errors.

Appellants argue that Urban Ewing Marshall is a non-resident of the State, upon whom no personal service of summons was had; that the only notice he had was constructive notice, and as under §399 Burns 1908, §390 R. S. 1881, ''no personal judgment shall be rendered against a defendant constructively summoned, who has not appeared in the action,'' the judgment rendered, which was personal, is void as to him, and it is not necessary to make him a party to the appeal.

The record shows that all the defendants below were non-residents, but that they appeared by counsel. The court made a special finding of facts in which it is set out 1. ''that the defendants before named [including Urban Ewing Marshall], after proper notice by publication, appeared to the action by one of their number, Burwell K. Marshall, an attorney-at-law of the state of Kentucky.'' It also appears that after judgment was rendered against them, the defendants moved for a new trial. The jurisdiction of the trial court over defendants has not been questioned in the assignment of errors, and the finding of the court, that the defendants appeared to the action, nothing to the contrary appearing in the record, will be presumed to be correct, and is sufficient to show that all the defendants appeared to the action. They are bound by the judgment rendered as effectively as if it were rendered on personal service, and the judgment as to them is in force and not void.

The assignment of errors is the complaint on appeal, and to give this court jurisdiction it must contain the full names of all parties affected by the judgment appealed from, 2. and it will be held unavailing and defective if it fails to do so. The assignment of errors in the present case is defective in omitting the name of Urban Ewing

Marshall, and as the year allowed for taking an appeal has expired, the assignment may not be amended. *Gourley* v. *Embree* (1894), 137 Ind. 82; Ewbank's Manual §226, and cases cited; Elliott, App. Proc. §§322, 401, and cases cited; 1 Thornton's Ann. Civil Code 3, and cases cited in note 6 to rule 4, Supreme and Appellate Courts; Rule 6, Supreme and Appellate Courts; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274; *Brown* v. *Brown* (1907), 168 Ind. 654; *Queen* v. *Lipinskey* (1897), 17 Ind. App. 700; *Doble* v. *Brown* (1898), 20 Ind. App. 12.

No question being presented for decision, the appeal is dismissed.