### SHAY *v.* HORN ET AL.

[No. 8,386. Filed October 27, 1914.]

1. APPEAL.—*Time for Perfecting.*—*Dismissal.*—Under §§670, 672 Burns 1914, §§631, 633 R. S. 1881, an appeal must be taken within one year from the time judgment was rendered, and where it appears that a greater period has elapsed, a dismissal of the appeal is required. p. 117.

2. APPEAL.—*Time for Perfecting.*—*Moot Question.*—Where a final judgment was rendered following the refusal of parties to plead over, the subsequent trial and determination of certain questions, which at most the appellate tribunal must regard as merely moot, can not have the effect of prolonging the statutory period for appeal. p. 119.

From Howard Circuit Court; *A. B. Kirkpatrick,* Special Judge.

Action by Lucy E. Shay against James T. Horn and others. From the judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*Overton & Joyce,* for appellant.
*Blacklidge, Wolf & Barnes,* for appellees.

SHEA, J.—A motion to dismiss this appeal as not having been filed within the year provided by statute is very earnestly presented. Sections 670, 672 Burns 1908, §§631, 633 R. S. 1881, provide that an appeal to this court must be taken within one year from the time judgment was rendered. If the facts in this case disclose that the judgment was rendered more than one year prior to the date of the appeal the case must be dismissed.

The entry showing the judgment was dated July 11, 1910, and reads as follows: "Come now the parties by counsel and the plaintiff does now dismiss her complaint as to the defendant Ella Appel, and the cross-complainant James E. Shay does now dismiss his said cross-complaint as to the said defendant, Ella Appel, and the defendant, John J. Appel, does now dismiss his cross-complaint and the defendant James T. Horn does now dismiss his cross-complaint, and the separate demurrers of each of the defendants John J. Appel and James T. Horn, having been heretofore sustained to the reply of the plaintiff, Lucy E. Shay, to the separate answer of each of the defendants to the complaint, the plaintiff is ordered and ruled to plead and reply further to said separate answers of said John J. Appel and James T. Horn to the said complaint. And the said plaintiff does now decline to reply or plead further or to amend, but abides said separate rulings and the court renders judgment against the plaintiff in favor of each of said defendants on the said demurrers. And the demurrer of each of the defendants, John J. Appel and James T. Horn having been sustained to the reply of the cross-complainant, James E. Shay to the separate answer of each of said defendants to the cross-com-

plaint of the said cross-complainant, the cross-complainant, James E. Shay is now ordered and ruled to plead and reply further to the separate answer of said John J. Appel and James T. Horn to said cross-complaint and the said cross-complainant failing and refusing to amend or plead further abides said ruling and the court renders judgment in favor of each of the said defendants on the said demurrers. It is therefore considered and adjudged by the court that the plaintiff take nothing by this action against the said defendants, John J. Appel and James T. Horn, or either of them, and that the defendants recover of the plaintiff their costs and charges in the cause laid out and expended as to the complaint, to each of which rulings the plaintiff excepts. It is further considered and adjudged by the court that the cross-complainant James E. Shay, take nothing by his action and cross-complaint against the defendants John J. Appel and James T. Horn or either of them, and that each of the said defendants recover of the said cross-complainant his costs and charges in this cause laid out and expended as to the cross-complaint to each of which rulings the said cross-complainant excepts.''

Afterward, on December 27, 1910 the following entry was made: ''Comes now the plaintiff, Lucy E. Shay, by her attorney and the defendant and cross-complainant, James E. Shay by his attorney and guardian *ad litem* and file their written agreement that all questions of and facts pertaining to title and all defenses of whatever character may be shown under the answer of general denial of James E. Shay to the plaintiff's complaint and under the plaintiff's answer of general denial to the cross-complaint of James E. Shay, which agreement is in the words and figures following, to wit: * * * Comes now the plaintiff Lucy E. Shay and the cross-complainant James E. Shay by his attorney and guardian *ad litem* and agree that all questions of and facts pertaining to title and all defenses of whatever character may be shown under the answer of general denial of said

James E. Shay to the plaintiff's complaint, and under the plaintiff's answer of general denial to the cross-complaint of James E. Shay.''

The court by special findings of fact and conclusions of law found that neither James E. Shay nor Lucy E. Shay had any interest in said real estate.

In the original case the finding of the court was general, and on the issues sought to be raised between James E. Shay and Lucy E. Shay on the cross-complaint there was 2. a special finding of facts and conclusions of law. The record was filed in this court on December 26, 1911, or more than a year after the date of the original judgment. It will be observed that neither John J. Appel nor James T. Horn were parties to the record in the proceedings held on December 27, 1910. They had a finding and judgment against Lucy E. Shay on her complaint and against James E. Shay on his cross-complaint that they were the sole owners of the real estate in question, therefore holding that neither Lucy E. Shay nor James E. Shay had any interest in said real estate. It affirmatively appears from the record that any question which could possibly be raised by James E. Shay on his cross-complaint, or by Lucy E. Shay on her complaint had been fully determined in the original judgment. No question of the taxation of costs was left to be determined, nor is there in the whole record any suggestion of such a question. The best that could be said of it is that it is a moot question, and this court will not concern itself in the determination of such question, and therefore will not permit the mere appearance of a pending question to prolong the statutory period for an appeal.

For the reason that the appeal was not brought within the year allowed by statute, an order of dismissal is herewith entered.

NOTE.—Reported in 106 N. E. 544. See, also, under (1) 2 Cyc. 803, 3 Cyc. 185; (2) 2 Cyc. 789.