## STEEL ET AL. *v.* YODER.

[No. 8,644. Filed May 5, 1915.]

1. APPEAL.—*Assignment of Errors.—Amendment.*—The assignment of errors is the complaint on appeal, and its filing is an essential element to perfecting the appeal, so that the court can not permit an amendment after the time for appeal has expired. p. 634.

2. APPEAL.—*Briefs.—Amendment.*—An appellant has the right to file amended briefs at any time within the time allowed for filing of briefs by appellant, and the court, on proper showing, will permit such amendment after such time has expired, if the application is made before the expiration of the time for perfecting the appeal; but such application will be refused if made after such time, unless the necessity for the amendment resulted from the acts or conduct of the appellee, or from some cause for which appellant was blameless. p. 635.

3. APPEAL.—*Questions Reviewable.—Briefs.*—No question is presented on alleged error in the ruling on a demurrer, where the pleading to which the demurrer was addressed is not set out in appellant's brief p. 636.

4. APPEAL.—*Questions Reviewable.—Conclusions of Law.—Briefs.* —An assignment of error challenging the conclusions of law is not available either where the findings are not set out in appellant's brief, or where the challenge is to the conclusions in gross and one of the conclusions is favorable to appellant and not questioned. p. 636.

5. APPEAL.—*Assignment of Errors.—Motion to Modify Conclusions.* —Assignments of error in the overruling of a motion to modify and restate conclusions of law are not available because such motion is not recognized in the practice. p. 636.

6. APPEAL.—*Questions Reviewable.—Overruling Motion for New Trial.—Record.—Briefs.*—Alleged error in overruling a motion for new trial is not available where the evidence is not in the record and appellant's brief does not contain enough of the record to enable the court to determine any questions presented by the motion. p. 636.

7. APPEAL.—*Motion for New Trial.—Questions Presented.*—The question of whether the trial court erred in a certain conclusion of law, and in rendering so much of the judgment as is founded thereon, is not presented by a motion for new trial. p. 636.

8. APPEAL.—*Assignment of Errors.—Overruling Motion to Modify Judgment.*—Error can not be predicated on the overruling of a motion to modify the judgment, where the judgment follows and conforms to the court's conclusions of law. p. 637.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by John Steel and others against Calvin Yoder. From a judgment for defendant, the plaintiffs appeal. *Appeal dismissed.*

P. M. *Buchanan* and *Lawrence & Rhodes,* for appellants.
*Charles A. Cole* and *Albert H. Cole,* for appellee.

HOTTEL, C. J.—Appellants have filed their motion to amend their assignment of errors and in connection therewith also file a request to amend their original brief.

We will first consider the motion to amend the assignment of errors. The error assigned which is sought to be amended is the fifth, and is as follows: "The court erred in the conclusions of law stated upon the special finding of facts." It is sought to amend this assignment so as to make it challenge each conclusion of law. The judgment from which this appeal was taken was rendered June 15, 1912. The transcript and assignment of errors were filed in this court May 19, 1913. The law fixing the time of appeal, in force when this appeal was perfected, was §672 Burns 1908, §633 R. S. 1881, which required that an appeal must be perfected within one year from the time of the rendition of the judgment below. *Brady* v. *Garrison* (1912), 178 Ind. 459, 460, 99 N. E. 738; *Pope* v. *Voigt* (1912), 49 Ind. App. 176, 178, 96 N. E. 984; *Huber* v. *Teilking* (1914), 55 Ind. App. 577, 103 N. E. 853, 104 N. E. 314; *Shay* v. *Horn* (1914), 57 Ind. App. 116, 106 N. E. 544. The assignment of errors serves the office of the complaint in this court, and its filing is an essential element to the perfecting of an appeal. *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642, 644, 74 N. E. 988; *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 313, 92 N. E. 57; *Brown* v. *Brown* (1907), 168 Ind. 654, 655, 656, 80 N. E. 535; *Thompson* v. *Newsom* (1913), 52 Ind. App. 444, 447, 100 N. E. 772; *Pope* v. *Voigt, supra.* The only reason or excuse offered in the motion for such amendment asked is, that of

"inadvertence and mistake of counsel when they wrote such assignment". It is questionable whether such an excuse would justify the court in permitting the amendment, even if seasonably made (Rule 4, Supreme and Appellate Courts; *Loucheim* v. *Seeley* [1896], 151 Ind. 665, 666, 667, 43 N. E. 646), but it will, in no event, warrant the court in permitting the amendment after the time for appeal has expired. *Huber* v. *Teilking, supra; Pope* v. *Voigt, supra; Bacon* v. *Withrow* (1887), 110 Ind. 94, 10 N. E. 624; *Lawrence* v. *Wood* (1890), 122 Ind. 452, 24 N. E. 159; *Smythe* v. *Boswell* (1889), 117 Ind. 365, 20 N. E. 263. See also cases cited, *supra.*

We next inquire whether the amendment of appellants' brief should be permitted. Appellants seek to insert in their briefs, "at the proper places copies of the orig-

2. inal pleadings and of the finding of facts and conclusions of law". The appellants may, as a matter of course, file amended briefs before the time for filing such briefs has expired, and it has been the rule of this court, upon proper showing, to permit such amendment even after such time has expired, provided, the application for such amendment is made before the year has expired for the perfecting of the appeal, but where the application is made after the year it has been refused, except in cases where the excuse or reason for the necessity for the amendment resulted from the acts or conduct of the appellee, or from some cause for which the appellant was in no way to blame. Where, as in this case, the time for perfecting the appeal and for the filing of briefs have both expired, a showing of a mistake or oversight on appellants' part in the matter of the preparation of their briefs will not alone entitle them to amend. It follows that appellants' application in this case must be refused.

Our disposition of this motion and application disposes of the appeal. This is so, because the first, second and third errors assigned are expressly waived by appellant. The

fourth error assigned questions the ruling on a demur-

3. rer to appellee's "answer or cross-complaint" which is not set out in the brief and hence no question is presented by such assignment. *City of Valparaiso* v. *Chester* (1911), 176 Ind. 636, 640, 96 N. E. 765. The

4. fifth error assigned challenges the conclusions of law *in toto,* and presents no question both for the reason that the finding is not set out in the brief (*Town of Jasper* v. *Cassidy* [1913], 53 Ind. App. 678, 102 N. E. 278), and for the further reason that the first conclusion of law is in appellants' favor and is not questioned by them. Where the error assigned challenges the conclusions of law in gross, if either conclusion is correct, such assigned error will be of no avail. *School Town, etc.* v. *Maumee School Tp.* (1901), 28 Ind. App. 120, 62 N. E. 282; *Jones* v. *Mayne* (1900), 154 Ind. 400, 402, 55 N. E. 956; *Saunders* v. *Montgomery* (1895), 143 Ind. 185, 41 N. E. 453.

The sixth and seventh errors assigned respectively challenge the ruling of the court on a motion to modify and restate its second and third conclusions of law. Even

5. if appellants' brief contained enough of the record necessary to present such question, error predicated on such ruling is not available because such motion is not recognized by our practice. See *Starkey* v. *Starkey* (1894), 136 Ind. 349, 351, 36 N. E. 287; *Nading* v. *Elliott* (1894), 137 Ind. 261, 265, 36 N. E. 695. The eighth assign-

6. ment of error challenges the ruling on the motion for new trial and presents no question because the evidence is not in the record and appellants' brief

7. does not contain enough of the record to determine any questions presented by such motion. We might add, that appellants concede in their brief that by this assignment of error they desire to raise but one question for the decision of the court, viz., "Did the court below err in its second conclusion of law, and in rendering so much of the judgment of the court as is founded upon said

second conclusion of law.'' Such question is not presented. by a motion for new trial. *Starkey* v. *Starkey, supra; Nading* v. *Elliott, supra; Bundy* v. *McClarnon* (1889), 118 Ind. 165, 20 N. E. 718; Elliott, App. Proc. §793.

Appellants' ninth assigned error challenges the action of the court in overruling its separate and several motions to modify the judgment. The judgment follows and 8. conforms to the conclusions of law and hence no error can be predicated on such motion. See *School Town, etc.* v. *Maumee School Tp., supra; Jones* v. *Mayne, supra; Anglemyer* v. *Board, etc.* (1899), 153 Ind. 217, 54 N. E. 803. There being no question presented the appeal is dismissed.

NOTE.—Reported in 108 N. E. 783. See, also, under (1) 2 Cyc. 1005, 980; (2) 2 Cyc. 1019; 2 Cyc. 1913 Anno. 1019-new; (3) 2 Cyc. 1014; (4) 2 Cyc. 1014, 995; (5) 2 Cyc. 995; 38 Cyc. 1987; (6) 3 Cyc. 175; 2 Cyc. 1014; (7) 2 Cyc. 1000.