## ANTIOCH BAPTIST CHURCH v. MORTON ET AL.

[No. 9,061. Filed June 30, 1916. Rehearing denied November 23, 1916.]

1. APPEAL.—*Vacation.—Parties.—Assignment of Errors.*—In a vacation appeal all parties to, and those affected by, the judgment must be named in the assignment of error, and there should be named therein as appellees all parties in whose favor the judgment appealed from was rendered, and those who are interested in having it maintained. p. 118.

2. APPEAL. — *Vacation. — Parties. — Dismissal.* — Where it affirmatively appears from the record of a vacation appeal that the judgment appealed from was rendered in favor of persons who are not named as appellees in the assignment of error, and that such persons are interested in maintaining the judgment, the appeal will be dismissed. p. 118.

From Marion Circuit Court (22,364); *Charles Remster,* Judge.

Action by the Antioch Baptist Church, by its trustees, Thomas Roberts and others, against Emma G. Morton and others. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*W. E. Henderson,* for appellant.

*C. S. Denny, G. L. Denny* and *Robert W. McBride,* for appellees.

HOTTEL, P. J.—The Antioch Baptist Church, by its trustees, Thomas Roberts, Walter Carlock, John Parker, Frank Buckner, and John Gates, brought this action against the

appellee, Emma G. Morton, and seven others, naming them, for the review of a certain judgment. The defendants demurred to the complaint for want of sufficient facts. The demurrer was sustained and, the plaintiff refusing to plead further, judgment was rendered thereon that plaintiff take nothing and that the defendants recover their costs. From this judgment appellant appeals.

In the assignment of errors the "Antioch Baptist Church, By its Trustees," is named as appellant and "Emma G. Morton, et al." are named as appellees. No other names appear either in the caption or in the body of the assignment. This is a vacation appeal. It is well settled that in a vacation appeal all parties to, and those affected by, the judgment must be named in the assignment of errors.

1. All persons in whose favor the judgment appealed from was rendered, and those who are interested in having it maintained must be named as appellees in the assignment of errors. *Lauster* v. *Meyers* (1908), 170 Ind. 548, 549, 84 N. E. 1087, and cases cited; *Deinhart* v. *Mugg* (1911), 176 Ind. 531, 96 N. E. 467; *West* v. *Goodwin* (1907), 41 Ind. App. 333, 81 N. E. 734; *Haag* v. *Deter* (1906), 167 Ind. 126, 78 N. E. 331; *Pope* v. *Voigt* (1911), 49 Ind. App. 176, 96 N. E. 984.

It affirmatively appears from the record in this case that the judgment appealed from was rendered in favor of persons who are not named as appellees in appellant's

2. assignment of error, and that such persons are interested in maintaining such judgment.

It follows, under the authorities cited, that we are without authority to determine the questions sought to be presented. Appeal dismissed.

NOTE.—Reported in 113 N. E. 309.