### NEW *v.* REPUBLIC CREOSOTING COMPANY ET AL.

[No. 11,535.   Filed December 7, 1922.]

1. APPEAL.—*Vacation Appeal.—Parties.—Notice.*—In a vacation appeal, all parties to the judgment or interested therein or affected thereby, or interested in its reversal or affirmance, must be made parties, and if they are coparties, which means parties to the judgment, they must be joined as appellants and notice given to them, and where all parties to the judgment or interested in it are not properly before the court, it is without jurisdiction.  p. 107.
2. APPEAL.—*Necessary Parties Appellant.—Joining Coparty as Appellee.*—Making a party to the judgment a party appellee by one attempting to perfect a vacation appeal is equivalent to not making such party a party to the appeal at all, and any notice served on him is of no force.  p. 107.
3. APPEAL.—*Vacation.—Joinder of New Party Appellant.*—The court on appeal is without authority to permit an amendment by appellant of his assignment of error so as to include a party to the judgment as a party appellant after the time has elapsed within which an appeal could be taken.  p. 108.
4. APPEAL.—*Dismissal.—Jurisdictional Questions.*—The court on appeal must take notice of its want of jurisdiction, and will dismiss an appeal for that reason regardless of defects in the motion for dismissal.  p. 108.

From Marion Circuit Court (30,109); *Harry O. Chamberlain,* Judge.

Action by the Republic Creosoting Company against Thomas L. New and another. From a judgment for plaintiff, the named defendant appeals. *Appeal dismissed.*

*Charles L. Tindall,* for appellant.

*Pickens, Cox & Conder* and *William D. Bain,* for appellee.

NICHOLS, C. J.—On March 12, 1922, and after a motion for a new trial had been overruled, judgment on verdict for $1,298.63 was rendered in favor of appellee Republic Creosoting Company, and against appellant and United States Fidelity and Guaranty Company, who were codefendants. From this judgment appellant had attempted to prosecute a vacation appeal, making his codefendant a party appellee.

It is well established that in a vacation appeal all parties to the judgment, or interested therein or affected by it, or interested in its reversal or affirmance, must be made parties, and if they are coparties, which means parties to the judgment, they must be joined as appellants and notice given to them. *Souers* v. *Walter* (1912), 178 Ind. 599, 99 N. E. 1002, and the numerous authorities there cited. In order to confer jurisdiction on this court, it is absolutely required that all parties to the judgment or interested in it must be properly before the court. *Souers* v. *Walter, supra; Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535; *Bottema* v. *Tracy* (1915), 58 Ind. App. 96, 107 N. E. 741; *Shaw* v. *Garrett* (1915), 58 Ind. App. 496, 108 N. E. 536. Making United States Fidelity and Guaranty Company a party appellee is the same as not making that company a party to the appeal at all, and any notice of appeal served on it was wholly without force. *Wood* v. *Clites* (1895), 140 Ind. 472, 39 N. E. 160.

Appellant has filed his motion for leave to amend his

assignment of error so as to include United States Fidelity and Guaranty Company as a party appel-

3. lant, but this motion was not filed until November 24, 1922, which was after the time had elapsed within which an appeal would be taken. This court is without authority to permit the amendment. *Brown* v. *Brown, supra; Pope* v. *Voigt* (1912), 49 Ind. App. 176, 96 N. E. 984; Ewbank's Manual §226.

Appellant objects to our consideration of appellee's motion to dismiss the appeal because of a defect in the notice of the filing of such motion. But this

4. court must take notice of its want of jurisdiction, even without a motion to dismiss for want of jurisdiction. *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498, 68 N. E. 329.

The appeal is dismissed.