Benbow *v.* Garrard *et al.*

Filed Dec. 14, 1894.

———————◆———————

No. 17,113.

BENBOW *v.* GARRARD ET AL.

APPEAL.—*Dismissal of.*—*Defect of Parties Appellant.*—All parties entitled to appeal, *i. e.,* all parties against whom judgment is rendered, must be brought before the appellate tribunal as appellants in the same appeal, and notice served on them, or the appeal will be dismissed.

| 139 | 571 |
| 141 | 139 |
| 142 | 110 |
| 142 | 147 |
| 139 | 571 |
| 144 | 367 |
| 139 | 571 |
| 154 | 394 |
| 139 | 571 |
| 157 | 493 |
| 139 | 571 |
| f171 | 461 |

From the Delaware Circuit Court.

*C. B. Templer, J. N. Templer* and *E. R. Templer,* for appellant.

*J. W. Ryan* and *W. A. Thompson,* for appellees.

McCabe, J.—The appellant brought suit in the circuit court for partition of certain described real estate in Delaware county, against the appellees, William L. Garrard, Riley Garrard, George M. Garrard, Frank Prigg, Edna M. Prigg, and Herbert L. Benbow. The three Garrards filed a cross-complaint against the plaintiff, John C. F. Benbow, and their codefendants, Frank Prigg, Edna M. Prigg, and Herbert L. Benbow, claiming to own all the real estate sought to be parted in the original complaint, and seeking to quiet their title thereto. Issues were formed on the cross-complaint, a trial of which resulted in a finding and judgment in favor of said Garrards on their cross-complaint quieting the title of all of said real estate in them, and a judgment against all the defendants to the cross-complaint for costs in favor of the cross-complainants.

The original plaintiff, John C. F. Benbow, is the only one of the coparties and joint judgment defendants who appeals. He has not made any of the other joint judgment defendants parties to this appeal as either appellants or appellees. The statute requires them to be made parties. 1 Burns R. S. 1894, section 647 (R. S. 1881, section 635.)

And we have recently held that they must be made coappellants and notice served on them, or the appeal must be dismissed for want of jurisdiction. *Gregory* v. *Smith*, 139 Ind. 48.

We there held that coparties mean coparties to the judgment, that is, all the parties against whom the judgment is rendered. See *Hadley* v. *Hill*, 73 Ind. 442.

To the same effect are *Wood* v. *Clites*, 39 N. E. Rep. 160, and *Gourley* v. *Embree*, 137 Ind. 82; *State* v. *Hodgin*, 139 Ind. 498.

All the parties entitled to appeal must be brought before this court as appellants in one and the same appeal,

and notice served on them, or the appeal will be dismissed. *Gourley* v. *Embree, supra.*

The statute only authorizes one appeal from a judgment. Therefore, if the terms of the statute are not complied with in bringing before this court all the co-parties entitled to appeal by making them coappellants, thus affording them an opportunity to assail the judgment against them, this court has no jurisdiction to hear and determine the appeal in the absence of the other co-parties to the judgment. *Gregory* v. *Smith, supra; Wood* v. *Clites, supra; Gourley* v. *Embree, supra;* Elliott's App. Proced., section 144.

The appeal is, therefore, dismissed.

Filed Dec. 20, 1894.