Vordermark *et al.* *v.* Wilkinson *et al.*

Filed September 26, 1895.

No, 17,106.

VORDERMARK ET AL. *v.* WILKINSON ET AL.

APPEAL. — *Dismissal.* — *Necessary Parties Appellant.* — *Appellate Procedure.* — An appeal by a portion only of the defendants against whom a joint judgment is rendered will be dismissed, although the other defendants are made appellees, as they have a right to assail the judgment, and cannot do it in that character.

From the Allen Circuit Court.

*W. G. Colerick,* for appellants.

*T. E. Ellison,* for appellees.

McCabe, C. J.—The appellee Millie A. Wilkinson commenced an action in the circuit court against Henry P. Vordermark, Harry E. Vordermark, Lillian Ada Vordermark, Mary Maud Vordermark, the Fort Wayne and New Haven Turnpike Co., the Tri-State Building and Loan Association of Fort Wayne, Indiana, and John W. Vordermark, the above named appellant. The complaint alleged in substance that on March 27, 1893, the plaintiff had recovered a judgment in the Wells Circuit Court on a cross-complaint by her filed against Henry P. Vordermark for $1,800 alimony. That on March 28, 1893, an execution issued on said judgment to the sheriff of Allen county, where plaintiff and defendants all reside, which execution was levied upon certain personal property of said Henry P., appraised at $251.35. That on a demand by said sheriff upon him for money or property sufficient to satisfy said writ, said Henry P. refused to pay the same or turn out any property to satisfy the same or any part thereof. That he has property and money that should be applied to the satisfaction of said judgment, which he fraudulently conceals and withholds from the payment thereof.

That during the pendency of said action the said Henry P. and John W. Vordermark were the owners of a shoe store in said city of Fort Wayne as partners, under the firm name of E. Vordermark & Sons. That the stock of goods of said firm was worth $2,000, over and above the indebtedness of the firm. That said Henry has sold, or agreed to sell, his interest in said store to said John W. Vordermark, for the purpose of defrauding and cheating the plaintiff out of the collection of her said judgment, which purpose was well known

to said John W. Vordermark. That the latter holds possession of said store and stock of goods, and refuses to turn the same out on said execution. That prior to the recovery of her said judgment, Henry P. and John W. had sixty shares of stock in the Tri-State Building and Loan Association, and since the recovery of said judgment they surrendered said stock, and each took instead thirty shares of said stock. That the sheriff has demanded of said Building and Loan Association that it surrender and turn over to him said stock to be levied on, by virtue of said execution, which said association refuses to do, though said stock is now in its possession.

That said Henry P. had 18¾ shares of the stock of the Fort Wayne and New Haven Turnpike Company, of the face value of $50 per share, which he has refused to turn out on said execution. That John W. Vordermark is the president of said Turnpike Company, and, although requested, refused to turn out said stock, so that the same may be levied on to satisfy said execution. That Harry E. Vordermark, Lillian Ada Vordermark and Mary Maud Vordermark have personal property in their possession belonging to Henry P., their father, who claims that such property belongs to them, they being his infant children. That if any transfer thereof has been made to them in any way, the same is fraudulent, having been fraudulently made by said Henry P., and received by them for the purpose and intention of cheating, defrauding and delaying the plaintiff in the collection of her judgment.

Prayer for an order that each and all of said parties deliver said property, fraudulently delivered or conveyed to them, and that said Henry P. Vordermark be required to turn over to said sheriff all money and property in his possession. This complaint was verified by affidavit of the plaintiff.

Separate demurrers of all the Vordermark defendants to the complaint were overruled. All the defendants filed separate answers, leading to the formation of issues upon the complaint and answers.

A trial of such issues by the court without a jury resulted in a finding for the plaintiff that all the material allegations in her complaint are true, and that Harry E. Vordermark has in his hands $290, and Lillian Ada Vordermark has $85 in her hands from money paid by said John W. Vordermark to said Henry P. Vordermark, and by him to them, which was fraudulently done and paid by said parties to avoid the payment of said execution. And it was therefore ordered that Harry E. Vordermark and Lillian Ada Vordermark pay said money to the clerk of the trial court to abide the further order of said court.

And it was further ordered, adjudged and decreed by the court that said Tri-State Building and Loan Association do forthwith turn out to the sheriff the certificates of said stock for the purpose of sale thereof, etc., and that the officers of the Fort Wayne and New Haven Turnpike Company turn out and over to the sheriff of said county the certificates of said 18⅔ shares of the capital stock of said company for the purposes of sale on said execution. It is further ordered that John W. Vordermark be enjoined from interfering with the plaintiff, or the sheriff, in levying such execution upon the interests of Henry P. Vordermark in one-half of the stock of goods, and the accounts and assets of said partnership, to satisfy said execution, and that all sales and transfers heretofore made between said parties, are declared fraudulent and void. And that the plaintiff have the right to levy said execution upon the said piano described in the answer of Lillian, Ada, Mary and Maud Vordermark, the sale and transfer of which is set aside

as fraudulent and void, and that the plaintiff recover her costs in this action.

Here is a judgment rendered against all the defendants in the complaint. They were all co-parties to the judgment, and all entitled to appeal. *Hadley* v. *Hill,* 73 Ind. 442; *Gregory* v. *Smith,* 139 Ind. 48. The statute makes it the duty of any part of the co-parties to the judgment, who may desire to appeal from a judgment against them all, to make all such co-parties, parties to such appeal. R. S. 1894, section 647; R. S. 1881, section 635. And we have recently held, on a careful consideration of the statute and the adjudicated cases, that the statute means that they must all be made co-appellants. *Gregory* v. *Smith, supra.* We there held that "making a part of the co-parties against whom the judgment is rendered appellees on * * appeal * * clothed them with no more rights, and created no more liabilities against them, than if they had not been made parties at all." Of the defendants, against whom judgment was rendered in the circuit court, Henry P. Vordermark, the Fort Wayne and New Haven Turnpike Company and the Tri-State Building and Loan Association of Fort Wayne, Indiana, have been made appellees in this appeal, and not appellants. This, as we have seen, is the same as not making them parties to the appeal at all. The right conferred on them by the statute is to assail the judgment, and that they cannot do as appellees. *Gregory* v. *Smith, supra.*

The statute authorizes but one appeal from the same judgment, and before the right of appeal of any co-party can be barred by an appeal by a part of the co-parties to the judgment, he must be made a co-appellant in such appeal and served with notice thereof  The statute requires that all such co-parties to the judgment

Vordermark *et al.* *v.* Wilkinson *et al.*

appealed from, shall be made co-appellants in an appeal by a part of such co-parties. Unless they appear and decline to join in such appeal, the statute provides that they shall be regarded as having joined. If they decline to join, their names may be struck out on motion, and they shall not take an appeal afterward. Therefore, if this court should proceed to hear the appeal without the presence of a part of the co-parties, against whom the judgment is rendered, or that which we have seen is the same thing, namely making them appellees instead of appellants, it must result in an ineffective adjudication, or the rights of the missing parties may be injuriously affected by the adjudication without their having been afforded an opportunity of being heard. It is a fundamental maxim in our jurisprudence that before any court can proceed to adjudicate upon any subject-matter, it must first acquire jurisdiction over all persons whose rights will be necessarily affected by such adjudication.. The rights of co-parties to a judgment will be necessarily affected by an appeal therefrom by a part of such co-parties, if in no other way, in barring the right in them afterwards to appeal, unless we construe the statute to allow more than one appeal. Such a construction is utterly untenable. Elliotts App. Proced., section 138, and authorities there cited. *Gregory* v. *Smith, supra.* See also *Gourley* v. *Embree,* 137 Ind. 82; *Wood* v. *Clites,* 140 Ind. 472; *Benbow* v. *Garrard,* 139 Ind. 571.

The appeal is, therefore, dismissed.

Filed January 9, 1895 ; petition for rehearing overruled September 26, 1895.