No. 17,457.

LEDBETTER ET AL. *v.* WINCHEL ET AL.

APPEAL. — *Jurisdiction.* — *Who Must be Made Co - Appellants.* — *Notice.* —A co-defendant, against whom a decree is rendered, must, on appeal from such a decree by the other defendants, be joined with them as a co-appellant, and served with notice thereof, otherwise the appellate court acquires no jurisdiction of the appeal, under R. S. 1894, section 647 (R. S. 1881, section 653).

SAME. —*Dismissal.* —*Appellees.* —*Notice.* —An appeal in which one of the defendants, against whom the decree appealed from was rendered, is made an appellee, and is not served with the process issued by the clerk of the Appellate Court to bring the appellees into court, and in which there is no appearance for such appellee, must be dismissed.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf,* for appellants.

*R. T. St. John* and *W. H. Charles,* for appellees.

McCABE, C. J.—The appellee Winchel sued the appellants and her co-appellee, Samuel Moore, to foreclose a mortgage on certain described real estate in Grant county. Moore was defaulted. He was made a defendant because it was alleged he held a judgment lien on the mortgaged premises junior to that of the plaintiff's mortgage.

The only answer filed by appellants was a plea in

abatement, the issues formed upon which were tried by the court, resulting in a finding thereon against appellants, and they failing to plead over, there was a decree of foreclosure against all the defendants, including Moore. It is assigned for error that the trial court overruled appellants' demurrer to the complaint, overruled their motion for a new trial, and their motion to modify the decree. Moore, one of the defendants against whom the decree is rendered, is made an appellee and not a co-appellant with the appellant.

He was entitled to appeal from the judgment, and being a co-party to the judgment with the appellants he should have been joined as a co-appellant with them, and notice served on him as such which is an unofficial notice. Burns R. S. 1894, section 644, R. S. 1881, section 635; *Gregory* v. *Smith*, 139 Ind. 48; *Wood* v. *Clites*, 140 Ind. 472; *Benbow* v. *Garrard*, 139 Ind. 571. No such notice was served on him.

The appeal is therefore dismissed.

Filed June 5, 1895; petition to reinstate overruled September 24, 1895.