CRIST ET AL. *v.* THE WAYNE INTERNATIONAL BUILDING AND LOAN ASSOCIATION.

[No. 18,552.   Filed October 12, 1898.]

APPEAL AND ERROR.—*Parties.*—*Jurisdiction.*—The Supreme Court has no jurisdiction of an appeal taken in vacation from a judgment where the principal party against whom the judgment was rendered is not made a party to the appeal.

From the Huntington Circuit Court.   *Appeal dismissed.*

*Thomas G. Smith,* for appellants.

*James M. Hatfield* and *Griffith & Flinn,* for appellee.

McCABE, J.—The appellee sued the appellant Lyman C. Crist, and Jennie Crist, who is not made a party to this appeal, to recover a judgment upon a bond executed by said Jennie for $700.00, and to foreclose a mortgage upon certain real estate executed by both of them to secure the payment of said bond, and to obtain the appointment of a receiver.  On her application the other appellant herein, Minnie Pashong, was made a party defendant, she claiming an interest in said real estate, and filed a cross-complaint setting up such interest.  Issues were formed upon such cross-complaint and upon the complaint. The Crists were husband and wife. The issues formed were tried by the court, resulting in a special finding of the facts upon which the court stated conclusions of law leading to judgment against all the defendants and a decree foreclosing the mortgage.

Numerous errors are assigned by the appellant. But we are met with an objection by the appellee to

the consideration of such errors on the ground that one of the parties to the judgment, and the principal party against whom the judgment was rendered, has not been made a party to this appeal, and, for that reason, it moves to dismiss the appeal. This being a vacation appeal, the act approved March 9, 1895 (Acts 1895, p. 179), does not apply. The defect mentioned goes to the jurisdiction of this court over the appeal.

In the title of the cause, immediately preceding the assignment of errors, after naming the appellee, the following words appear immediately after appellee's name, to wit: "And Jennie Crist not joining in this appeal." If this language could even be construed to mean that she is or was an appellee, and that she declined to join in the appeal, it would be insufficient, because appellees never join in appeals, and never decline to join therein. Appeals are prosecuted without consulting the wishes of appellees. Besides, appellant's attorney, in writing out the assignment of errors, was only authorized to speak for the appellant, and had no authority to speak or write for the appellee and say that she did not join in the appeal. The only way to bring the appeal within the jurisdiction of this court was to join all the co-parties to the judgment, or judgment defendants, as appellants, and then Jennie Crist could have declined to join in the appeal; or failing so to decline, she would be regarded as having joined, and then the jurisdiction of this court over the appeal would have been complete. Section 647, Burns' R. S. 1894 (635 Horner's R. S. 1897); *Gregory* v. *Smith*, 139 Ind. 48; *Vordermark* v. *Wilkinson*, 142 Ind. 142; *Lee* v. *Mozingo*, 143 Ind. 667; *Abshire* v. *Williamson*, 149 Ind. 248.

For failure of appellants to comply with this statu-

tory requirement, this court is without jurisdiction over the appeal, and it therefore must be, and is, dismissed.