## HILDEBRAND, TRUSTEE, *v.* SATTLEY MANUFACTURING COMPANY.

[No. 3,112.   Filed June 6, 1900.   Rehearing denied June 26, 1900.]

APPEAL AND ERROR.—*Parties.*—*Notice.*—The word co-parties, as used in §647 Burns 1894 providing that a part of several co-parties may appeal and must serve notice of the appeal upon all the other co-parties, means parties to the judgment appealed from, and not co-plaintiffs or codefendants.   *pp. 220, 221.*

SAME.—*Joint Exceptions.*—Where an exception is made jointly to the conclusions of law, and any one of·the conclusions is right the exception must fail.   *p. 221.*

From the Marion Circuit Court.   *Affirmed.*

*U. J. Hammond* and *E. St. G. Rogers,* for appellant.

*F. E. Gavin, T. P. Davis, J. L. Gavin* and *C. E. Barrett,* for appellee.

ROBINSON, J.—The special finding shows these facts: On January 7, 1896, under a written contract that day made, the firm of Beals & Orr ordered of appellee certain goods, the firm agreeing "to hold all goods and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash or book accounts, as collateral security in trust and for the benefit of, and subject to, the order of the Sattley Manufacturing Company, until we have paid in full in cash all our obligations due the said Sattley Manufacturing Company"; that pursuant to the contract appellee delivered to the firm certain goods; that afterwards, September 14, 1896, the firm executed and delivered to appellant, as trustee, a mortgage which was duly recorded, and that the firm put appellant in possession of all the property mentioned in the mortgage; that appellant obtained the mortgage and possession of the property for the purpose of the trust expressed in the mortgage without any notice or knowledge on his part of the contract between appellee and the firm of Beals & Orr, and to secure indebtedness theretofore incurred by the firm in purchase of goods from creditors therein named in the ordinary course of business; that among the property covered by the mortgage and which passed into the possession of appellant was an account against George Anthony upon the books of the firm for $122.97, which has not been paid, and that the consideration for this amount was merchandise which appellee had delivered to the firm and which the firm had received pursuant to the written contract, and which the firm had afterwards sold and delivered to Anthony; that among the property mortgaged and which passed to appellant thereunder were other amounts on the firm's books aggregating $188 and the consideration for which was merchandise, which

appellee had delivered to the firm under the written contract and which the firm had afterwards sold, and after the execution and delivery of the mortgage appellant collected the $188, part before and part after this suit was begun and after appellant had notice of the existence of the written contract; that under the written contract appellee delivered to the firm goods amounting in principal and interest to $747.45; that deducting the $188 and $122.97 there is yet owing appellee from the firm $436.48.

As conclusions of law the court found that under the written contract between appellee and the firm of Beals & Orr the legal title to and ownership of all goods delivered by appellee to the firm as also the title to and ownership of the proceeds of sale thereof were reserved to and remained in appellee; that appellant has in collecting the $188 collected so much money rightfully the money of appellee; that Anthony is rightfully indebted to appellee in the sum of $122.97 and not to appellant; and that the firm of Beals & Orr owe appellee $436.48.

Judgment was entered that appellee recover from George Anthony $122.97 and after accrued costs; that appellee recover from appellant $188 and costs; and that appellee recover from Nathan Beals and William A. Orr $436.48 with costs.

Appellee moved to dismiss the appeal on the ground that Nathan Beals, William A. Orr and George Anthony are co-parties of appellant in the judgment from which this appeal is prosecuted, that no notice has been served on them nor have they joined in or been made parties to this appeal.

The consideration of this motion was postponed until final hearing. Afterwards, the Supreme Court, where the appeal was then pending, sustained a motion to transfer the cause to this court.

This is not a term time appeal. The statute provides that a part of several co-parties may appeal and must serve notice of the appeal upon all the other co-parties. §647 Burns 1894. The word co-parties as used in this section

means parties to the judgment appealed from, and not co-plaintiffs or codefendants. *Hadley* v. *Hill*, 73 Ind. 442.

In the case at bar the judgment is several and not joint. There are no co-parties to the judgment appealed from. The matter determined by this appeal can not be the subject of controversy between appellant and the other defendants. Appellant's codefendants can not be affected by the payment or cancelation of the judgment appealed from. Whether appellant succeeds or fails in this appeal, the several judgments against the other defendants will stand. The reason underlying the rule that co-parties not joining in an appeal must have notice of the appeal, is, that the court may have jurisdiction of all parties interested in the subject-matter of the appeal and settle in one appeal all the rights of such parties as have an interest in the subject of the controversy. But when a party appeals from a several judgment rendered against him alone, no co-party has any interest in the subject-matter of the appeal and the reason for the above rule fails. Elliott's App. Proc. §§138, 139, 141; *Larsh* v. *Test*, 48 Ind. 130.

Appellant excepted to the conclusions of law as follows: "To which conclusions of law the defendant, Philip M. Hildebrand, trustee, now here, at the time excepts". This alone is assigned as error.

This exception is to the conclusions of law jointly, and if any one of them is right the exception must fail. *Royse* v. *Bourne*, 149 Ind. 187; *Evansville, etc., R. Co.* v. *Town of Ft. Branch*, 149 Ind. 276; *Kline* v. *Board, etc.*, 152 Ind. 321; *Heaston* v. *Board, etc.*, 153 Ind. 439.

The conclusion of law that Beals & Orr owed appellee a certain sum was right. If the title to the goods when sold to the firm under the contract remained in appellee, it could not both claim title to the goods and sue the firm for the price so long as the goods remained in the possession of the firm, but when the firm converted the goods by selling them and parting with the possession, appellee could sue for their

value.   And if the title passed to the firm when it bought the goods under the contract, and they had not been paid for, appellee might sue for the price.   So that, in either event, upon the findings, the conclusion of law that a certain sum was due appellee from the firm was right.

As appellant excepted jointly to all the conclusions, and some of them are right, the judgment must be affirmed upon the authorities above cited.

Judgment affirmed.