## HAYMAKER, ADMINISTRATOR, *v.* SCHNECK ET AL.

[No. 20,035.   Filed April 22, 1903.]

APPEAL AND ERROR.—*Vacation Appeal.*—*Parties.*—All of the defendants affected in any manner by the judgment appealed from must be made co-appellants in a vacation appeal.  *p. 446.*

SAME.—*Vacation Appeal.*—*Parties.*—The mere fact that appellant, who was one of several lien holders made codefendants in an action to foreclose a mortgage, set up his lien by way of answer and cross-complaint constitutes no exception to the rule requiring all defendants to be made co-appellants in a vacation appeal.  *p. 447.*

160  443
163  400
163  562
163  563

160  443
f167   76
f168  656

From Clark Circuit Court; *J. K. Marsh*, Judge.

Suit by Louis Schneck against William T. Stricker and others. From a judgment for plaintiff, Isaac N. Haymaker, administrator of the estate of Phoebe S. Stricker, deceased, appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Appeal dismissed.*

*W. H. Watson* and *G. H. D. Gibson*, for appellant.
*G. H. Voigt*, for appellees.

JORDAN, J.—This action was instituted by appellee in the lower court to foreclose a mortgage lien upon certain real estate. The mortgage was executed by William T. Stricker and wife to Louis Schneck, to secure a promissory note of $4,000. After the execution thereof, the mortgagor, together with his wife, conveyed the premises to Arnie C. Stricker, and the latter was the owner of the equity of redemption at the time of the commencement of this action. The plaintiff made said Arnie C. Stricker and wife defendants in this action. By the terms and stipulations of the deed executed by the mortgagor to the said Arnie C. Stricker, certain indebtedness of said William C. Stricker, held by Phoebe S. Stricker, appellant's decedent, and by Robert Hughes, Hallie K. Hughes, Pink Hughes, and Dick Giltner was made a lien or charge against the lands conveyed to said Arnie C. Stricker. All the last-named persons claiming to hold such liens against the premises were also made defendants to the foreclosure proceedings.

The purpose of the action, as disclosed by the complaint, was not to obtain a personal judgment on the mortgage note, but to foreclose the mortgage, and settle the question of liens. The complaint alleges that the liens held by the defendants under the provisions of the deed in question are each and all junior and inferior to the lien of the mortgage, and the plaintiff in his complaint demanded that each of said defendants be required to appear to the action and set up the liens which they claimed to hold against the

premises. All of them appeared in the lower court, and Arnie C. Stricker, the owner of the equity of redemption, together with his wife, filed an answer in denial, and also alleged payment of the mortgage indebtedness. The defendants, Phoebe S. Stricker, appellant's decedent, then in life, together with Hallie K. Hughes, Pink Hughes, Robert E. Hughes, and Dick Giltner, filed separate answers, setting up their respective liens, alleging therein that such liens were superior in equity to the mortgage lien held by the plaintiff. Phoebe S. Stricker also set up her lien by way of a cross-complaint, and demanded affirmative relief. To her cross-complaint she made the plaintiff and all of her co-defendants, together with Arnie C. Stricker, administrator of William T. Stricker, defendants. Under her cross-complaint she sought to recover a judgment for $3,500 against the administrator of William T. Stricker, and to have a vendor's lien declared in her favor against the mortgaged lands superior in equity to the mortgage lien of plaintiff.

The cause was put at issue upon the complaint, answer, cross-complaint, and replies therein filed; the disputed question in the case being mainly in respect to the priority of liens. On trial, the court found in favor of the plaintiff Schneck that there was due to him on the note secured by the mortgage in suit the sum of $4,043.97, and that his lien was superior or paramount to any of the liens held by the defendants, and rendered a judgment of foreclosure in his favor and against all of said defendants, adjudging and ordering thereby that the mortgaged lands be sold by the sheriff, and that the proceeds arising out of the sale thereof be applied (1) to the payment of costs; (2) to the payment of the indebtedness secured by the plaintiff's mortgage; (3) to the payment of the lien of Phoebe S. Stricker, and that the remainder of said proceeds be paid to the clerk of the lower court for the benefit of the other defendants holding a lien against the premises. After the rendition of this judgment, Phoebe S. Stricker died, and

appellant, her administrator, was substituted as a defendant in her place and stead. He has appealed in vacation from the judgment below, without making any of the codefendants of his decedent co-appellants with him in the appeal, but instead has made all of them the co-appellees of Schneck, the plaintiff below.

At the very threshold we are confronted with the motion of appellee Schneck to dismiss this appeal for want of jurisdiction in the court to hear and determine the merits thereof, for the reason that the codefendants of appellant's decedent have not been joined as appellants, but instead have been made appellees. The record discloses that not only appellant's decedent was affected and bound by the judgment rendered, but likewise all of her codefendants, for the fact is that all were adverse to the plaintiff Schneck, and he prevailed over all of them by being awarded a decree of foreclosure, and in having his lien declared to be superior to the liens held by any of the defendants. The judgment rendered in Schneck's favor affected and bound all of the defendants who denied his right of foreclosure of the mortgage, or who denied the priority or paramount character of his said lien. As between him and defendants who claimed to hold liens superior to the mortgage lien, plaintiff's rights under the judgment or the decree were declared to be superior and paramount to any of theirs, and the payment and satisfaction of any and all of the liens held by defendants against the mortgaged real estate was postponed until the payment in full of the plaintiff's lien. Under the circumstances, any one of the defendants in this action had the right to appeal in term time from this judgment, without joining as a co-appellant any of his codefendants, but the rule is otherwise, when an appeal is taken, as is this, in vacation, for in such cases all of the defendants against whom a judgment has been rendered, either in *rem* or *personam,* or who, in any manner, are bound or affected thereby, must be made co-appellants.

Merely making them appellees in the appeal does not comply with the rule. All must be made appellants, otherwise the appeal can not be entertained for want of jurisdiction.

It is evident, under the circumstances, that appellant in this case has omitted to comply with this well settled rule of appellate procedure, and therefore this court is without power to hear and determine the appeal upon its merits. Consequently all we can do is to sustain the motion to dismiss, as we are absolutely without authority to waive the rule and assume jurisdiction in the case. The following decisions, among many others, fully affirm and support the rule which appellee herein demands shall be enforced: *McKee* v. *Root,* 153 Ind. 314, and cases there cited; *Gregory* v. *Smith,* 139 Ind. 48; *Abshire* v. *Williamson,* 149 Ind. 248; *Christ* v. *Wayne, etc., Loan Assn.,* 151 Ind. 245; *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534; *Owen* v. *Dresback,* 154 Ind. 392. The mere fact that appellant's decedent set up her lien by way of answer and cross-complaint certainly constitutes no exception to the rule which the law exacts in taking a vacation appeal.

It follows, for the reasons stated, that the motion to dismiss must be sustained. Appeal dismissed.