## SOUERS *v.* WALTER ET AL.

[No. 21,852.   Filed November 26, 1912.]

1.  HIGHWAYS. — *Establishment.* — *Petition.* — *Parties.* — *Notice.* — Under §7663 Burns 1908, Acts 1905 p. 521, providing that, on petition of one or more freeholders of the county, highways laid out and used, but not sufficiently described, or recorded, may be ascertained, described and entered of record, it is not necessary that the petition be signed by any one over whose land the highway runs, but the landowners affected must be named in the petition and notice given to them.  p. 602.

2.  HIGHWAYS. — *Establishment.* — *Petition.* — *Parties.* — *Necessary Parties.—Appeal.*—Under §7663 Burns 1908, Acts 1905 p. 521, providing for the establishing and recording of highways on petition of one or more freeholders of the county, the petitioners are parties to the proceedings, as much as the owners of the land over which the highway runs, and are necessary adverse parties both on the trial of the cause and on appeal.  p. 602.

3.  HIGHWAYS.— *Establishment.— Judgment.— Effect.—* A judgment ordering a highway recorded, under §7663 Burns 1908, Acts 1905

p. 521, providing for the establishing and recording of highways on petition of one or more freeholders of the county, is a judgment against one of the petitioners over whose land the highway runs, as well as against other landowners over whose land it runs, but who are not petitioners.   p. 602.

4.   APPEAL.—*Parties.*—*Necessary Parties.*—Those who are parties to a judgment, or interested in maintaining it, must be made parties to an appeal therefrom.   p. 603.

5.   APPEAL.—*Vacation Appeal.*—*Parties.*—*Coparties.*—*Notice.*—In a vacation appeal, all persons against whom judgment is rendered either *in rem* or *in personam*, or who in any manner are bound or affected by the judgment, are coparties, and on appeal by one of them the others must, under §674 Burns 1908, Acts 1899 p. 5, be joined as coappellants and be given notice of the appeal.   p. 603.

6.   APPEAL.—*Judgment Recording Highway.*—*Parties.*—A judgment recording a highway under the provisions of §7663 Burns 1908, Acts 1905 p. 521, is a judgment *in rem*, affecting the entire highway and all the landowners the same, over whose land it passes, and being wholly indivisible, a landowner affected, although a petitioner, is a necessary party appellant on appeal from such judgment, in order to confer jurisdiction.   p. 604.

7.   APPEAL. — *Parties.* — *Jurisdiction.* — *Dismissal.* — Where all the parties to a judgment, or who are bound or affected by it, are not before the court on appeal, the appeal will be dimissed for lack of jurisdiction.   p. 604.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Proceeding by Daniel Walter and others to record a highway. From a judgment recording such highway, George W. Souers appeals. *Appeal dismissed.*

*Emmett O. King* and *Cassius C. Hadley,* for appellant.

*John Q. Cline, William A. Branyan, Claude Cline* and *C. W. Watkins,* for appellees.

MYERS, J.—This was a proceeding instituted before the Board of Commissioners of the County of Huntington, under §7663 Burns 1908, Acts 1905 p. 521, to record an alleged unrecorded and unsurveyed highway, alleged to have become a highway by twenty years user and by dedication.

At the threshold of the case we are confronted by the question of jurisdiction, by a motion to dismiss the appeal, on the ground that several parties to the judgment below are

not made parties to this appeal. To this motion appellant
has not given the slightest attention. If any changes were
made in parties, by change of title or otherwise, this court
should have been advised of the facts, and not left to search
for them.

It appears from appellees' statement of the record, not
contradicted, that the judgment in the cause was rendered
April 21, 1910; that this is a vacation appeal; that the
transcript in the cause was filed in this court April 19, 1911,
on notice to attorneys, and the cause submitted May 19,
1911. On July 24, 1911, a motion to dismiss the appeal for
want of jurisdiction, accompanied by proof of service, was
filed. The petition in the proceeding was signed by Daniel
Walter, Samuel Dixon, Gus Brebough, Anton Ritter, Sophia
Erlanbough, George Hitzfield, John Pfeister, Lizzie Snyder,
Catherine Teusch, John Teusch, Helmuth Guhl, Jr., Julius
Guhl, Jr., John Shumacker, Joseph Haas and David Kiser.
It is alleged in the petition that the highway passes along
and upon the lands of appellant and eight other named per-
sons, who are not named as parties here, either as appel-
lants or appellees, and also along and on the lands of the
following named persons: Samuel Dixon, Julius and Hel-
muth Guhl, Augustus Brebough, Sophia Erlanbough, Cath-
erine Teusch and John Teusch, who, except Julius Guhl, are
named as appellees, though notice of appeal was served on
the attorneys of record for the petitioners, naming them,
April 13, 1911. It is alleged in the petition that the high-
way passes along and on the lands of George W. Souers,
Peter Petrie, Mathias Petrie, Jacob Petrie, Nicholas Petrie,
Samuel Dixon, Mary C. Dixon, Julius and Helmuth Guhl,
Helmuth Guhl, Francis Isley, Augustus Brebaugh, Sophia
Winkelman, Daniel Walter, Edward Starbuck, Sophia Er-
lanbough, Catherine Teusch and John Teusch. The assign-
ment of errors contains the name of George W. Souers as
sole appellant, and Daniel Walter, Samuel Dixon, Gus Bre-
bough, Anton Ritter, Sophia Erlanbough, George Hitzfield,

John Pfeister, Lizzie Snyder, Catherine Teusch, John Teusch, Helmuth Guhl, Jr., John Shumacker, Joseph Haas, and David Kiser, as appellees. The judgment is one ascertaining the width, location and description of the highway petitioned for, and for costs against appellant.

The point is made that "Julius Guhl, Jr.," was a petitioner and party to the proceeding and judgment in the lower court. It will be seen, also, that the petition alleges that the highway runs over his land, so that he is a real party in interest. A number of other persons, who were petitioners, and some named as landowners, are not made parties. It is not necessary that the petition be

1. signed by any one over whose land the highway runs (§7663 Burns 1908, Acts 1905 p. 521), and the landowners affected must be named in the petition and notice given them. *Town of Hardinsburgh* v. *Cravens* (1896), 148 Ind. 1, 47 N. E. 153; *Yelton* v. *Addison* (1884), 101 Ind. 58; *Vandever* v. *Garshwiler* (1878), 63 Ind. 185.

It necessarily results that petitioners are parties to such proceedings, as much as the owners of land over which the highway runs, and are as necessarily adverse parties

2. on the trial of the issue and on appeal, the same as in proceedings to locate or lay out a highway. The judgment ordering the highway recorded was a judgment against Julius Guhl, Jr., over whose land it is alleged

3. the highway runs, the same as it was against appellant, and in precisely the same right, even though Guhl was a petitioner. Certainly the landowners over whose lands the highway runs, even though they were petitioners, thereby declaring their wish to have it declared a highway, are directly interested in upholding the judgment, and a reversal of the judgment, which is one of entirety, would affect each of them, as well as Julius Guhl, Jr., to say nothing of other petitioners over whose lands the highway is not located, who may be as much interested in having a public

highway defined and fixed as such as one over whose land it runs, and certainly all the petitioners, as well as landowners over whose lands the highway runs, who desire the highway located, are not only parties to the record, but are parties in interest, adverse to the interest of appellant, and parties to the judgment and interested in maintaining it, and Julius Guhl, Jr., an owner affected, as well as several of the petitioners, are not made parties in any way, and the

4. rule is well settled that those who are parties to a judgment, or interested in maintaining it, must be made parties to an appeal, in order that the whole cause may be disposed of by one appeal. *Trippeer* v. *Clifton* (1912), *ante*, 198, 97 N. E. 791, and cases cited.

Whether regarded as coparties, or adverse parties, in a vacation appeal, is equally immaterial; all parties to the judgment, or interested in, or affected by it, or inter-

5. ested in its reversal or affirmance, must be made parties. If they are coparties, they must be joined as appellants, and notice given to them. §674 Burns 1908, Acts 1899 p. 5; *Mellott* v. *Messmore* (1902), 158 Ind. 297, 63 N. E. 451; *Brown* v. *Sullivan* (1902), 158 Ind. 224, 63 N. E. 302; *Crist* v. *Wayne, etc., Assn.* (1898), 151 Ind. 245, 51 N. E. 368; *Stults* v. *Gibler* (1897), 146 Ind. 501, 45 N. E. 340; *Roach* v. *Baker* (1896), 145 Ind. 330, 43 N. E. 932, 44 N. E. 303; *Lee* v. *Mozingo* (1896), 143 Ind. 667, 41 N. E. 454; *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142, 39 N. E. 441; *Ledbetter* v. *Winchel* (1895), 142 Ind. 109, 40 N. E. 1065; *Inman* v. *Vogel* (1895), 141 Ind. 138, 40 N. E. 665; *Wood* v. *Clites* (1895), 140 Ind. 472, 39 N. E. 160; *Gregory* v. *Smith* (1894), 139 Ind. 48, 38 N. E. 395; *Benbow* v. *Garrard* (1894), 139 Ind. 571, 39 N. E. 162. "Coparties" means parties to the judgment, and not coparties plaintiff and defendant. *Kaufman* v. *Preston* (1902), 158 Ind. 361, 63 N. E. 570; *Hadley* v. *Hill* (1881), 73 Ind. 442; *Hildebrand* v. *Sattley Mfg. Co.* (1900), 25 Ind. App. 218, 57 N. E. 594.

Parties against whom no judgment is rendered, need not be made parties on appeal, but in a vacation appeal, as here, all against whom judgment is rendered, either *in rem* or *in personam,* or who in any manner are bound or affected by the judgment, must be made coappellants. *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535, and cases cited; *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322, 10 Ann. Cas. 967, and cases cited; *Moore* v. *Ferguson* (1904), 163 Ind. 395, 400, 72 N. E. 126; *Rich Grove Tp.* v. *Emmett* (1904), 163 Ind. 560, 72 N. E. 543; *Haymaker* v. *Schneck* (1903), 160 Ind. 443, 67 N. E. 181.

Here the proceeding is *in rem,* an entire proceeding, and affects the entire highway, and all the landowners the same, in kind, and in any event Julius Guhl, Jr., stands in

6. the same category with the other landowners affected, with a judgment in favor of the petitioners, including Julius Guhl, Jr., who in any event is an adverse party, who, along with others, has a judgment against appellant in a subject-matter which is wholly indivisible, and in which they are alike interested, and would all be affected by a reversal.

We do not determine whether appellant is a coparty with other landowners, but it would seem that he is, and that he should join them as coappellants, and those who wish the judgment to stand could decline to join or not, or could join and assign errors, otherwise the case would stand with all the petitioners and all the other landowners with a judgment adverse to them, and binding on all as well, in which event appellant certainly would be required to bring all the parties before the court, and he has not done so. The peculiar character of a proceeding like this, being an entirety and *in rem,* by which all parties are joined, absolutely requires, in order to confer jurisdiction on this court,

7. that all who are parties to or interested in, or are bound or affected by the judgment, must be before

the court in order to confer jurisdiction, for lack of which the appeal must be dismissed, and it is so ordered.

NOTE.—Reported in 99 N. E. 1002. See, also, under (1) 37 Cyc. 41; (4) 2 Cyc. 756; (5) 2 Cyc. 763; (7) 2 Cyc. 785; 3 Cyc. 185. As to highways by user, see 57 Am. St. 744. As to what constitutes dedication to and acceptance of a public street, see 129 Am. St. 576.