## MASCARI *v.* HERT.

### [No. 7,836.   Filed February 11, 1913.]

1. APPEAL.—*Vacation Appeal.*—Where judgment was rendered on the eighteenth judicial day of the October term, 1909, and a motion to modify was filed on the twenty-second judicial day of such term, and overruled on the nineteenth judicial day of the January term, 1910, and the precipe bears date of January 31, the certificate to the transcript is dated February 14, and the record on appeal was filed October 20, 1910, the appeal must be regarded as a vacation appeal. p. 347.

2. APPEAL.—*Parties.*—*Dismissal.*—Where a party to the judgment below, in so far as the record discloses, is not a party to the appeal, and has not been served with notice as required by §674 Burns 1908, Acts 1899 p. 5, providing that, in case of appeal by a part of several coparties, notice of the appeal must be served on all the copa ties not appealing, the appeal cannot be entertained for want of jurisdiction. pp. 347, 348.

3. APPEAL.—*Vacation Appeal.*—*Parties.*—In a vacation appeal, all those against whom a judgment has been rendered, either *in rem* or *personam*, or who, in any manner are bound or affected thereby, must be made coappellants. p. 347.

4. APPEAL.—*Judgment.*—*Parties.*—Although the only question involved in an appeal is one of costs adjudged against appellant, and by the judgment appellant's codefendant recovered her costs, such codefendant is a necessary party to the appeal, since any order changing the judgment of the lower court must affect her interest. p. 348.

From Superior Court of Marion County (75,812); *Lawson M. Harvey,* Judge.

Proceedings supplementary to execution brought by Jacob Hert against Antonio Mascari and another. From a judgment against him for costs, the defendant, Antonio Mascari, appeals. *Appeal dismissed.*

*Charles E. Averill,* for appellant.
*C. E. Fenstermacher,* for appellee.

SHEA, J.—This was a proceeding supplementary to execution brought by appellee against appellant, Antonio Mascari, and Anna Mascari, his wife.

Appellee filed his affidavit or complaint in two paragraphs, alleging in each facts sufficient to authorize the issuance of an order requiring the defendants therein to appear. The proceeding was summary, and no pleadings affecting the allegations of the affidavit were filed.

The court made the following finding: "Come the parties and the court having heretofore taken this cause under advisement and being duly advised finds for the defendants and that plaintiff take nothing by this action except his costs expended herein. It is therefore considered, and adjudged by the court that defendant Antony Mascari pay the costs of this action taxed at $———." Appellant Antonio Mascari filed his separate motion, praying for a modification of the judgment by retaxing the costs. This motion was by the court overruled, which ruling is assigned as error in this court.

Appellee presents a motion to dismiss the appeal on the following grounds: (1) The motion to modify the judgment was a part of the main action from which no appeal lies. (2) In vacation appeals all parties to the judgment must be parties to the appeal, or the appeal will be dismissed for want of jurisdiction. Both Antonio Mascari and Anna Mascari, his wife, were parties to the record in the court below. Appellee's attorney, in his motion to dismiss, and in his argument, asserts that this is a vacation appeal.

This statement is not disputed by appellant's attorney, either in his brief or otherwise.

The judgment was rendered on October 23, 1909, being the eighteenth judicial day of the October term of the court.

1.    The motion to modify the judgment was filed on October 28, 1909, the twenty-second judicial day of the October term of the court. On January 24, 1910, the nineteenth judicial day of the January term of the court, motion to modify the judgment was overruled. The precipe bears date of January 31, 1910. The certificate to the transcript bears date of February 14, 1910. The record was filed in this court on October 20, 1910, so that this must be regarded as a vacation appeal.

Section 674 Burns 1908, Acts 1899 p. 5, contains the following language: "A part of several co-parties may appeal to the supreme or appellate court, but in such case

2.    they must serve written notice of the appeal upon all of the other co-parties or their attorneys of record, and file proof thereof with the clerk of such court * * *."

Anna Mascari, who was a party to the judgment in the court below, in so far as the record in this case discloses, is not a party to the appeal, and in so far as the record discloses was not served with the notice required.

In the case of *Haymaker* v. *Schneck* (1903), 160 Ind. 443, 67 N. E. 181, the court uses this language: "Under the circumstances, any one of the defendants in this

3.    action had the right to appeal in term time from this judgment, without joining as a coappellant any of his codefendants, but the rule is otherwise, when an appeal is taken, as is this, in vacation, for in such cases all of the defendants against whom a judgment has been rendered, either *in rem* or *personam,* or who, in any manner, are bound or affected thereby must be made coappellants. Merely making them appellees in the appeal does not comply with the rule. All must be made appellants, otherwise the appeal

cannot be entertained for want of jurisdiction. It is evident, under the circumstances, that appellant in this case has omitted to comply with this well-settled rule of appellate procedure, and therefore this court is without power to hear and determine the appeal upon its merits. Consequently all we can do is to sustain the motion to dismiss, as we are absolutely without authority to waive the rule and assume jurisdiction in the case. The following decisions, among many others, fully affirm and support the rule which appellee herein demands shall be enforced: *Mc Kee* v. *Root* [1899], 153 Ind. 314 [54 N. E. 802], and cases there cited; *Gregory* v. *Smith* [1894], 139 Ind. 48 [38 N. E. 395]; *Abshire* v. *Williamson* [1898], 149 Ind. 248 [48 N. E. 1027]; *Crist* v. *Wayne, etc., Loan Assn.* [1898], 151 Ind. 245 [51 N. E. 368]; *Michigan Mut. Life Ins. Co.* v. *Frankel* [1898], 151 Ind. 534 [50 N. E. 304]; *Owen* v. *Dresback* [1900], 154 Ind. 392 [56 N. E. 22, 56 N. E. 848]."

The only question involved in this appeal is one of costs? By the judgment in the lower court, Anna Mascari recovered her costs in the action against Antonio Mascari. Any order of this court changing the judgment of the lower court must affect her interests. She was therefore a necessary party to this appeal.

The appeal is dismissed for want of jurisdiction.

NOTE.—Reported in 100 N. E. 781. See, also, under (2) 2 Cyc. 864; 3 Cyc. 185; (3) 2 Cyc. 758; (4) 2 Cyc. 756. As to who may appeal as an interested or injured party, see 119 Am. St. 740. For a discussion of the parties entitled to a notice of appeal, see 13 Ann. Cas. 181; 21 Ann. Cas. 1277.