## SHAW ET AL. v. GARRETT ET AL.

[No. 9,129. Filed April 14, 1915.]

APPEAL.—*Vacation Appeal.—Parties.—Dismissal.*—In an action to quiet title to real estate against numerous defendants, where a part of the defendants filed a cross-complaint against the plaintiffs and all their codefendants, and certain of such codefendants filed a cross-complaint against all other parties to the action, and where all parties not appearing to the complaint and respective cross-complaints were defaulted, and judgment was rendered for plaintiffs quieting their title to the land described in the complaint and for the cross-complainants on the latter cross-complaint quieting their title to the land described therein, and

against the cross-complainants on the first-mentioned cross-complaint, the latter cross-complainants in taking a vacation appeal were required to join as party appellants all defendants excepting those in whose favor judgment was rendered upon the cross-complaint, and, having failed to do so, a dismissal of the appeal is required for want of jurisdiction.

From White Circuit Court; *James P. Wason,* Judge.

Action by William N. Garrett and others against James O. Shaw and others. From the judgment rendered, James O. Shaw and certain of the defendants appeal. *Appeal dismissed.*

*Franklin McCray* and *Alfred R. Hovey,* for appellants.

*Emory B. Sellers, Palmer & Carr* and *Edward B. Raub,* for appellees.

HOTTEL, C. J.—Appellees, William N. Garrett and James B. Garrett, have filed their motion to dismiss this appeal on the ground that it is a vacation appeal and that James O. Shaw, Melville F. Shaw, John. H. Shaw and Twanette Shaw are the only appellants named in the assignment of errors; that said appellants have not joined with them, as coappellants, other parties against whom the judgment below was rendered, but, instead, have made all such parties appellees; that, by reason thereof, the court has no jurisdiction of the case.

The issues and that part of the judgment necessary to an understanding of the question presented are in brief as follows: William Garrett, James B. Garrett and Charles L. Garrett filed a complaint in the court below in which they sought to quiet title to a 180-acre tract of land against the appellants and numerous other defendants (181 in all) named in the complaint. Pending the suit, the first two named plaintiffs purchased from Charles L. Garrett all his interest in the real estate described in the complaint and, by permission of the court, the action was afterwards prosecuted in their names. To such complaint, the defendants

VOL. 58—32

who appeared thereto filed an answer in general denial. The appellants filed a cross-complaint against the original plaintiffs and all their codefendants, to quiet title to two 180-acre tracts of land, including the one described in the complaint, and they also filed a second paragraph of cross-complaint, in which they averred that the title to all of said real estate had been held in trust by James Barr, deceased, for his wife, Eliza J. Barr, who was also deceased and had left surviving her, appellants as her legatees. The defendants who appeared to this cross-complaint filed general denials thereto. The defendants to the original complaint and to appellants' cross-complaint, known as the ''James Barr heirs'', being about eighty in number, filed a cross-complaint against all other parties to the action to quiet title to all the lands in controversy not expressly claimed by the original plaintiffs. All defendants appearing to this cross-complaint filed answers in general denial thereto. The defendants, not appearing and answering the complaint and respective cross-complaints, were defaulted.

The court upon request made a special finding of facts and stated its conclusions of law thereon. Appellants excepted to each of the conclusions of law, and over their motion for a new trial, judgment was rendered as follows: ''It is thereupon ordered, adjudged and decreed by the court that the plaintiffs William N. Garrett and James B. Garrett are the owners in fee simple of the following described real estate: (Here follows a description of the land described in the complaint). That said plaintiffs have possession thereof; that their title in and to said real estate be quieted and forever set at rest and the defendants and each of them be and they are hereby enjoined from setting up or claiming any right, title or interest in and to said real estate or any part thereof. * * * That the cross-complainants (84 in number, naming them), are the owners by fee simple title of the following described real estate situated in White County, Indiana, to wit: (Here follows a description of

the same tract of land described in the cross-complaint filed by the James Barr heirs). That said cross-complainants have possession thereof; that their title in and to said real estate be quieted and forever set at rest and the defendants to said cross-complaint and each of them be and they are hereby forever enjoined from setting up or claiming any right, title or interest in and to said real estate or any part thereof. * * * That the cross-complainants, James O. Shaw, Melville F. Shaw, John H. Shaw and Twanette Shaw (appellants here) have no right, title or interest in or to said real estate or any part thereof.''

It affirmatively appears from this record that, on the issues tendered by the plaintiffs' complaint, a judgment was rendered in their favor against appellants and all other defendants to the complaint, and on the issues tendered by the cross-complaint of the James Barr heirs, a judgment was rendered in their favor against appellants and all other defendants to such cross-complaint.

"It is settled law in this State that all joint judgment defendants in the court below must be made coappellants in this court in all vacation appeals or the appeal will be dismissed for want of jurisdiction. * * * There can be but one appeal from the same judgment, and when the same is not a term time appeal all coparties entitled to appeal must be joined as coappellants.'' *Denke-Walter v. Loeper* (1895), 142 Ind. 657, 42 N. E. 358. See, also, *Gregory* v. *Smith* (1894), 139 Ind. 48, 38 N. E. 395; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147; *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 97 N. E. 791, 39 L. R. A. (N. S.) 522; *Sowers* v. *Walter* (1912), 178 Ind. 599, 99 N. E. 1002; *Brown* v. *Sullivan* (1902), 158 Ind. 224, 63 N. E. 302; *Ledbetter* v. *Winchel* (1895), 142 Ind. 109, 40 N. E. 1065; *Lee* v. *Mozingo* (1896), 143 Ind. 667, 41 N. E. 454; *Benbow* v. *Garrard* (1894), 139 Ind. 571, 39 N. E. 162; *Mascari* v. *Hert* (1913), 52 Ind. App. 345, 100 N. E. 781; §674 Burns 1914, Acts 1899 p. 5.

There can be no doubt in the instant case but that the defendants to appellees' complaint, other than the Barr heirs, and who were also defendants to the cross-complaint of the Barr heirs, were adversely affected both by the judgment against them on the complaint in plaintiffs' favor and by the judgment against them on the cross-complaint in favor of the Barr heirs, and hence were entitled to appeal from such judgment. It follows that they, in any event, should have been made coappellants. Making them appellees is no better than not making them parties at all. *Gregory* v. *Smith, supra; Continental Ins. Co.* v. *Gue, supra.*

Appeal dismissed.

NOTE.—Reported in 108 N. E. 536. See, also, 3 Cyc. 185.