# MIKELS ET AL. *v.* CITIZENS NATIONAL BANK OF CRAWFORDSVILLE.

### [No. 11,578.   Filed December 19, 1922.]

1. APPEAL.—*Vacation.—Necessary Parties.—Proceeding Supplementary to Execution.—Clerk of Court Holding Money in Official Capacity.*—In a proceeding supplementary to execution, where the clerk of a circuit court was joined as a party defendant for the reason that he held certain redemption money, and he answered that he held the money for whomever the court might adjudge to be entitled thereto, and, after the expiration of his term of office, delivered the money to his successor, neither the first clerk nor his successor were necessary parties to an appeal in the action, and absence of notice of appeal, required by §674 Burns 1914, Acts 1899 p. 5, to either of them is not ground for dismissal.   p. 167.

2. TRIAL.—*Right to Separate Trial.—Waiver.—Failure to Make Seasonable Request.*—Where, after a cause had been submitted for trial and part of the evidence introduced, defendants objected and requested that the charges made in the complaint be docketed and tried separately, defendants waived any right they may have had to separate trial by delay in making a request therefor.   p. 170.

3. APPEAL.—*Presenting Questions for Review.—Refusal of Separate Trial.—Assignment of Error.—Motion for New Trial.*—The refusal of a separate trial by jury to one of several defendants can only be reviewed by the court on appeal when presented as a cause for new trial, a specification in the assignment of errors based on such refusal being insufficient to present such question.   p. 171.

4. NEW TRIAL.—*Motion.—Requisites.—Statement of Grounds.—Certainty.*—Causes for new trial contained in a motion therefor must be stated with clearness, certainty, and particularity.   p. 171.

5. APPEAL.—*Review.—Ruling on Motion for New Trial.—Joint Assignment of Grounds.*—Error in refusing a separate jury trial to one of several defendants is not available on appeal, where such ruling is assigned jointly in the motion for new trial with a ground not constituting error, since when two or more rulings are assigned jointly or in gross, as grounds for a new trial, all of such rulings must be erroneous to render them available on appeal.   p. 171.

6. COURTS.—*Appellate Jurisdiction.—Transfer of Cause.—Effect.*—Where the transcript and assignment of errors was originally filed in the Supreme Court, but on order of that

court the cause was transferred to the Appellate Court, such transfer was, in effect, a holding that no constitutional question was presented by the record. p. 172.

7. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—In reviewing the sufficiency of the evidence to sustain the trial court's decision, the court on appeal must give effect to every reasonable inference which the trial court may have drawn from the facts proved which tends to sustain the court's decision, although the facts may be susceptible of other inferences equally as reasonable. p. 172.

8. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—Where there is some evidence to sustain every fact essential to the decision of the trial court, it will not be disturbed on appeal, where the evidence is not documentary, although in some particulars the evidence upon which the decision rests may be strongly contradicted or not entirely satisfactory. p. 172.

From Montgomery Circuit Court; *O. B. Ratcliff*, Special Judge.

Proceedings supplemental to execution by the Citizens National Bank of Crawfordsville against Eston O. Mikels and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Henry D. Van Cleave, Arthur McGaughey* and *Johnston & Johnston,* for appellants.

*Harry N. Fine, W. J. Sprow* and *Chase Harding,* for appellee.

BATMAN, J.—This is a proceeding supplemental to execution instituted by appellee against appellants. After issues were joined the cause was submitted to the court for trial, resulting in a judgment in favor of appellee, with a decree protecting certain rights of appellant, Rosa B. Buchanan. Appellants Eston O. Mikels and William M. Buchanan filed separate motions for a new trial, each of which was overruled, and they are now prosecuting this appeal on separate assignments of errors. Appellee failed to file cross-errors within sixty days after the submission of the cause on appeal, but subsequently filed an application for leave to file such an assignment, which

it tendered for filing in the event leave was granted. As it does not appear that a ruling has been made on this application, we now deny the same on the ground, that the assignment tendered, with the request for leave to file, does not contain any specification of error, recognized as proper when independently assigned.

As this is a vacation appeal by only a part of the judgment defendants in the court below, notice was served as provided by §674 Burns 1914, Acts 1899 p. 5. After the service of such notice, Rosa B. Buchanan, one of the parties against whom appellee was given a judgment, filed her refusal to join in this appeal, and asked that her name be stricken out. Action on the motion filed by her in this regard having been postponed until final hearing, the same is now sustained, and by reason of the provisions of §674 Burns 1914, *supra,* her name is now stricken from the assignment of errors.

Appellee has a motion pending to dismiss the appeal, based on an alleged failure to comply with said §674 Burns 1914, *supra,* regarding the service of notice on coparties in a vacation appeal, and on defects in appellants' briefs. It appears that Edgar A. Rice, clerk of the Montgomery Circuit Court, was made a party defendant by reason of an allegation in the complaint, charging that he held a sum of money as such clerk, paid into his hands by appellee as a junior judgment creditor of appellant Washington I. Buchanan, for the redemption of certain land from a sale by the sheriff of said county to appellant William M. Buchanan, who is claiming said money; that said money does not belong to said William M. Buchanan, but is the property of said Washington I. Buchanan, and should be paid to appellee for application on its judgment. The said Edgar A. Rice filed an answer, admitting that he held said money, as clerk of the Montgomery Circuit Court, and alleging that he desired to pay the same to whomsoever

the court should adjudge is entitled thereto.   He asked
that he be ordered to hold the same until the conflicting
claims thereto were determined, and an order made by
the court for its payment.   After trial the court ad-
judged that appellee was entitled to receive said money,
and ordered the clerk to pay the same to it.   It further
appears that the judgment from which this appeal is
prosecuted was rendered while the said Edgar A. Rice
was still clerk of the Montgomery Circuit Court, but
that his term of office had expired, and one Homer K.
Schwindler had assumed the duties of such office, pur-
suant to election and qualification, prior to the date on
which the transcript was filed on appeal; that notwith-
standing this fact, said Edgar A. Rice, clerk of the
Montgomery Circuit Court, was named as an appellant
in the assignment of errors, and notice of appeal was
served on him, but no notice was served on said Homer
K. Schwindler.   Because of this fact, appellee contends
that the court is without jurisdiction, and has presented
the same as one of the grounds on which it bases its·
motion to dismiss the appeal.   Said §674 Burns 1914,
*supra*, provides that "A part of several co-parties may
appeal to the supreme or appellate court, but in such
case they must serve written notice of the appeal upon
all the other co-parties or their attorneys of record
*    *    *."   It has been held that coparties, as used in
said section, means coparties to the judgment, and not
merely coparties to the record.   *Trippeer* v. *Clifton*
(1912), 178 Ind. 198, 97 N. E. 791, 39 L. R. A. (N.
S.) 552; *Souers* v. *Walter* (1912), 178 Ind. 599, 99 N. E.
1002.   It has also been held, in effect, that where there
are a number of judgment defendants in an action, and
one or more, but not all, prosecute a vacation appeal,
that it is only necessary to join, as coappellants, those
whose rights may be affected thereby.   *Lowe* v. *Turpie*
(1896), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L.

R. A. 233; *Kaufman* v. *Preston* (1901), 158 Ind. 361, 63 N. E. 570; *Hester* v. *Town of Greenwood* (1909), 172 Ind. 279, 88 N. E. 498; *Souers* v. *Walter, supra; Clear Creek Tp.* v. *Rittger* (1894), 12 Ind. App. 355, 39 N. E. 1052. In the instant case, the said Edgar A. Rice was made a party defendant in his official capacity, as clerk of the Montgomery Circuit Court, by reason of a charge that he held certain redemption money, which appellee and appellant William M. Buchanan were each claiming. He answered the complaint in that capacity, admitting that he held the money in question, and alleging that it was so held for whomsoever the court might adjudge was entitled thereto. On the trial the court ordered that the clerk pay the money to appellee, without naming the person who held such office. No other order was made, or judgment rendered, which in any way related to said Edgar A. Rice, as an officer or otherwise. It is, therefore, manifest, that neither said Rice nor said Schwindler, as his successor in office, had any rights, which could be affected in any way by the result of this appeal. The real parties in interest, with reference to the money in question, were appellee and said William M. Buchanan, both of whom were before the trial court, where an issue was presented and determined respecting their rights thereto, and both are parties to this appeal. This being true, it is clearly apparent that said Rice and said Schwindler stand, not only indifferent between the parties, but indifferent as to whether the judgment is affirmed or reversed, as in either event they are fully protected. *Basket* v. *Hassell* (1883), 107 U. S. 602, 2 Sup. Ct. 415, 27 L. Ed. 500. It follows that neither is a necessary party to this appeal, and any absence of notice as to either of them is not ground for dismissal. The alleged defects in the briefs of appellants are not of such a character as to require a dismissal of the appeal. Appellee's motion is, therefore, overruled.

We will give attention first to the alleged errors, which appellant William M. Buchanan seeks to sustain by the propositions and points stated in his brief. It appears that after the cause had been submitted for trial, and after evidence covering about eighty-seven pages of the transcript had been given, including the examination of two witnesses, that appellant was called, and after being asked a few preliminary questions by appellee, the following objection was interposed: "Defendants separately and severally object to the examination of this witness in this case pertaining to any issue raised in the pleadings between this defendant and the plaintiff along with the causes of action stated against the other defendants." In presenting this objection, the following language was used, in connection with the reasons given in support thereof: "That the causes of action between the plaintiff and this defendant and the other defendants cannot be tried together, and should be docketed and tried separately, and unless this is done this defendant will be greatly prejudiced thereby and a great burden and hardship be placed against this defendant." Appellant asserts that he intended thereby to move the court to order the charges made against him in appellee's complaint, to be stated, docketed and tried separately; and that it was so understood and treated by the court and counsel. There is a well recognized method of presenting such a question, which, when followed, avoids confusion. But if, in the exercise of liberality, we accept the above method as a substitute, and concede that appellant had the right, in an action of this kind, to have the charges made against him in appellee's complaint stated, docketed and tried separately, we are clearly of the opinion that he waived such right by reason of his delay in attempting to assert the same, notwithstanding the excuse offered. No reversible error was committed in

overruling said objection, which is the only action of the court in that regard shown by the record.

The specification in appellant Buchanan's assignment of errors, based on the motion of the court in refusing his request for a trial of the issues as to himself by a jury, presents no question for our determination, as such refusal can only be reviewed by this court when presented as a cause for a new trial. *Horlacher* v. *Brafford* (1895), 141 Ind. 528, 40 N. E. 1078. Appellant asserts, however, that such refusal appears in his motion for a new trial, as one of the grounds therefor. An examination of such motion discloses, that the only place where the refusal of a trial by jury is mentioned is in reason No. 8, which clearly relates to the action of the court in overruling the objection quoted above, and which appellant asserts is, in effect, a motion for an order to have the charges against him, made by appellee in its complaint, stated, docketed and tried separately. Reference to such refusal appears to have been made in connection with reasons given in support of said objection or motion, and not as a specific allegation of error, which appellant was asking the trial court to review. There is a well-established rule for the statement of causes for a new trial, which requires that they be assigned "with clearness, certainty, precision and particularity." *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710. This rule, as said in the case cited, is one which has been strictly adhered to.

An application of this rule makes it clear that appellant has not presented any question for our determination, with reference to the court's action in refusing him a trial by jury. But if we have not reached a correct conclusion in this regard, still the alleged error would not be available to appellant, as it is not assigned as a separate cause for a new trial, but is assigned jointly with the cause considered above,

which is based on a ruling we have held was not error. This is in accord with the well-settled rule, that when two or more rulings are assigned jointly, or in gross, as grounds for a new trial, both or all of such rulings must be erroneous to render the same available on appeal. *Sievers* v. *The Peters Box, etc., Co.* (1898), 151 Ind. 642, 50 N. E. 877, 52 N. E. 399.

Appellant also asserts that the court erred in denying him a right guaranteed by Art. 1, §65, of the Constitution of this state. If any such question was properly presented, this court would not have jurisdiction of this appeal. It appears that the transcript and assignment of errors were originally filed in the Supreme Court, but on the order of that court the cause was transferred to this court. This act of the Supreme Court is, in effect, a holding that no constitutional question is presented by the record. *Logansport, etc., Exchange* v. *Sands* (1913), 54 Ind. App. 562, 101 N. E. 19. Therefore we are not required to give the contention stated any further consideration.

Directing our attention now to the propositions or points stated by appellant Eston O. Mikels in his brief, we find that they relate to only two alleged errors. The first is the action of the court in overruling his motion for a new trial. He bases his contention in this regard on a claim, that the decision of the court is not sustained by sufficient evidence. In considering this contention we must give effect to every reasonable inference, which the court may have drawn from the facts proven, which tends to sustain the court's decision, although such facts may be susceptible of other inferences equally as reasonable. *Klotz* v. *First Nat. Bank* (1922), 78 Ind. App. 679, 134 N. E. 220. When this is done, we are forced to conclude that there is some evidence to sustain every essential fact of the decision in question. This is sufficient on appeal, where the evi-

dence is not documentary, although in some particulars it may be strongly contradicted, or not entirely satisfactory. *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84. The other alleged error relates to the action of the court in refusing his request for a trial by a jury, but it suffices to say that his contention in this regard is not well taken, as will readily appear from what we have said with reference to the same question presented by his coappellant William M. Buchanan. Appellants having failed to show any reversible error in the record, the judgment is affirmed.